IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CR. No. 10-3463 JB |
| | ) |
| **EDDIE CHACO, JR.,** | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' RESPONSE TO DEFENDANT'S
SECOND MOTION IN LIMINE FILED ON JULY 31, 2011 (Doc. 54)

The United States of America hereby responds to the Defendant's Second Motion in Limine (Doc. 54) as follows:

In the Defendant's Second Motion in Limine, he seeks to suppress "evidence of statements that Jane Doe may have made to law enforcement or other witnesses." Defendant's Motion at ¶ 1.  By this, the government assumes the defendant refers to the following statements offered by Jane Doe: an October 19, 2007 statement to FBI Agent John Pierson[1]; a May 2010 disclosure Jane Doe made to the defendant's sister, Anne Chaco; a June 2010 disclosure Jane Doe made to a family friend, Angelica Rael; a June 30, 2010, "safe house" interview with Jane Doe; and various statements subsequently given to FBI Agent Marcus McCaskill.  With respect to these specific statements, the government agrees with the defendant and will not offer them during the government's case-in-chief.

---

[1] This statement concerned a separate and unrelated incident of sexual abuse perpetrated on Jane Doe by her mother's former boyfriend, Benjamin Bicenti.  Mr. Bicenti subsequently confessed to that abuse.

The government's concession is subject to three important caveats.  First, any of these statements can be used by the government to impeach Jane Doe during the course of her testimony or to refresh her recollection.  See Fed.R.Evid. 607 and 612.  Second, any of these statements, particularly the May 2010 statement to Anne Chaco, is potentially admissible as a prior consistent statement should the defendant argue or suggest that Jane Doe's testimony has been recently fabricated or has been subject to improper influence or motive.  See Fed.R.Evid. 801(d)(1)(B).  By way of example, if the defendant should argue that Angelica Rael, or a member of Angelica's family, convinced Jane Doe to fabricate the charges, Rule 801(d)(1)(B) would permit the government to elicit testimony concerning the prior disclosure to Anne Chaco.  Finally, the government's concession does not encompass the statements Jane Doe offered to Dr. Renee Ornelas in November 2010.  The government maintains that those statements are admissible pursuant to Fed.R.Evid. 803(4).  See Doc. 28.

WHEREFORE, the United States respectfully requests this Court issue a pre-trial ruling permitting the United States to use Jane Doe's prior statements for the permissible purposes described above.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

Electronically filed July 31, 2011
JACK E. BURKHEAD
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I hereby certify that on July 31, 2011,
I filed the foregoing electronically through
the CM/ECF system, which caused Counsel
for the Defendant to be served by electronic
means, as more fully reflected on the Notice
of Electronic Filing.

_____/s/_____
JACK E. BURKHEAD
Assistant United States Attorney