IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CR.  No.  10-3463 JB |
| | ) | |
| **EDDIE CHACO, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>MOTION *IN LIMINE* TO ADMIT STATEMENTS OF JANE DOE</u>

The United States of America hereby moves *in limine* for a pre-trial ruling permitting testimony regarding certain statements Jane Doe made to government witness Angelica Rael in June 2011. As grounds therefore, the Government states as follows:

1.      Defendant Eddie Chaco, Jr., is charged in this case with three counts of aggravated sexual abuse contrary to 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).  The disclosure that led to these charges occurred in June 2010 when Jane Doe stated to a woman named Angelica Rael that her father has been sexually abusing her.  Angelica Rael is the daughter-in-law of Steven Rael, the pastor at the church Jane Doe's grandparents (the defendant's parents) regularly attended.  At the time of this disclosure, Jane Doe, who was then eleven, was in the custody of her grandparents, although she occasionally spent periods of time with Steven Rael and his wife Loretta Rael at their home in Taos, New Mexico.  It was during one of these visits that Jane Doe made the disclosure to Angelica Rael.

2.      By way of this motion, the United States does <u>not</u> seek to introduce Jane Doe's disclosure of sexual abuse to Angelica Rael.  Instead, the United State seeks to introduce a single

statement that Jane Doe made to Angelica Rael that precipitated the disclosure.  Specifically, Angelica Rael will testify that, in June 2010, Jane Doe told her that she was "sad" to have to go back home—"home" meaning the defendant's parent's residence where the sexual abuse was occurring.  When queried as to why she was "sad" to go home, Jane Doe then disclosed the systematic abuse perpetrated onto her by the defendant.

3.      The statement the United States seeks to introduce, although hearsay, is admissible as a then existing mental, emotional, or physical condition.  Federal Rule of Criminal Procedure 803(3) permits introduction of such statements if it is a "statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, or design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of a declarant's will."  Jane Doe's statement falls within the heartland of those covered by Rule 803(3) in that a declaration of "sadness" is unequivocally a statement relating to her then existing state of mind and emotion.

5.      Further, this is not a statement that is precluded by *Crawford v. Washington*, 541 U.S. 36 (2004) for a basic and fundamental reason—Jane Doe will appear at trial and will be subject to cross-examination.  In *Crawford*, the Supreme Court interpreted the Confrontation Clause to "forbid[] the admission of testimonial statements of a witness *who did not appear at trial* unless [the witness] was unavailable to testify, and the defendant had a prior opportunity for cross-examination."  *Id*. at 53-54 (emphasis added).  Thus, Jane Doe's appearance on the witness stand removes any Confrontation Clause issue.

6.     To the extent this Court determines that Jane Doe's statement does present a Confrontation Clause issue, *Crawford* still does not bar its admission.  As stated above, the core holding of *Crawford* is that testimonial statements are not admissible.  The *Crawford* Court declined, however, to provide a comprehensive definition of "testimonial," but it did suggest where the outer parameters of the definition lie:

> The text of the Confrontation Clause reflects that this focus [on testimonial hearsay].  It applies to 'witnesses' against the accused--in other words, those who 'bear testimony.'  1 N. Webster, An American Dictionary of the English Language (1828).  'Testimony,' in turn, is typically a 'solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Ibid*.  An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not."  *Crawford,* 541 U.S. at 51.

The *Crawford* Court found that such testimonial hearsay includes, at a minimum, prior testimony at a preliminary hearing, before a grand jury, at a former trial, and statements made during police interrogations. *Id.* at 68.  Two years after *Crawford*, the Supreme Court further explored the meaning of "testimonial" statements in *Davis v. Washington*, 547 U.S. 813 (2006), a case consolidating two domestic-assault cases.  In *Davis,* the Supreme Court first addressed whether statements made in response to questioning by 911 operators or by police officers responding to calls for emergency assistance are testimonial.  Treating 911 calls as the equivalent of a "police interrogation," the Court clarified broad language in *Crawford* that arguably suggested that all statements made in response to police interrogation are testimonial.  *See Crawford*, 541 U.S. at 68.  *Davis* held instead that "[s]tatements are non-testimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency."  *Davis*, 547 U.S. at

822.  Next, the Court turned to whether a victim's responses to on-the-scene investigative

interrogations are testimonial.  Declining to hold that all such interrogations are testimonial, the

Court instead held that they are testimonial "when the circumstances objectively indicate that

there is no such ongoing emergency, and that the primary purpose of the interrogation is to

establish or prove past events potentially relevant to a criminal prosecution." *Id*. Critical to the

*Davis* Court's reasoning was the recognition that a 911 call, and at least the initial interrogation

conducted in connection with such a call, is ordinarily not designed to primarily establish or

prove some past fact, but to describe current circumstances requiring police assistance.  *Id*. at

827.  Indeed, the Court differentiated between the level of formality involved between a calm in-

station interview taken by a note-taking police officer and frantic answers provided over the

phone in an environment that was not tranquil or safe.  *Id*.  Applying this clarified definition of

"testimonial" in the context of police interrogations, the Supreme Court held that the initial

inquiries by the 911 operator in Davis produced non-testimonial statements.

7.      Applied to this case, it is evident that Jane Doe's statement concerning her being

"sad" was non-testimonial.  First, and perhaps most importantly, it was not offered to a law

enforcement agent or, for that matter, any state actor.  Instead, it was a statement to a family

friend.  Further, the objective evidence reflects that the statement was not made with an eye

toward prosecution, but instead it was a cry for help from a frightened little girl.  Moreover, her

statements did not involve a solemn oath or declaration for the purpose of establishing some fact:

no affidavit was written and no oath was administered.  Instead, Jane Doe's statement is a

polestar example of the "casual remark to an acquaintance" rather than a "formal statement to a

government official." *Crawford*, 541 U.S. at 51.  Lastly, and without question, her statement is

analogous to a frantic 911 call seeking police assistance to address an ongoing emergency that

the *Davis* court held did not violate the Confrontation Clause.

WHEREFORE, the United States respectfully requests this Court issue a pre-trial ruling

permitting testimony from Angelica Rael regarding Jane Doe's statement that she was "sad" to go

back home.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

Electronically filed Aug. 2, 2011
JACK E. BURKHEAD
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I  hereby certify that on August 2, 2011,
I filed the foregoing electronically through
the CM/ECF system, which caused Counsel
for the Defendant to be served by electronic
means, as more fully reflected on the Notice
of Electronic Filing.

_____/s/_____
JACK E. BURKHEAD
Assistant United States Attorney