IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | CR. No. 10-3463 JB |
| ) | |
| **EDDIE CHACO, JR.,**  ) | |
| ) | |
| Defendant.  ) | |

UNITED STATES' MOTION FOR MORE DEFINITE STATEMENT

The United States of America hereby moves the Court to order the defendant to provide the United States with a more definite statement regarding the claim set forth in the Defendant's Opposed Motion for *Daubert* Hearing. (Doc. 38). As grounds for this request, the United States asserts as follows:

1. On July 26, 2011, the defendant filed an Opposed Motion for *Daubert* Hearing in which he requests the Court to "address the expert testimony of Dr. Renee Ornelas." Doc. 38 at pg. 2. In that bare-bones, boilerplate motion, the defendant provides virtually nothing in the form of factual allegation or legal analysis.

2. The defendant's failure to plead with any degree of specificity as to what he deems unreliable with the anticipated testimony of Dr. Ornelas has greatly prejudiced the government. As it currently stands, the government stands clueless as to what it is defending at the *Daubert* hearing. Does the defendant claim that the science of medicine does not pass *Daubert* muster? Does he claim that the specialty of pediatrics is unreliable? Or, is he claiming that the sub-specialty of pediatric child abuse is what is unreliable? Perhaps, instead of all that, the defendant

is claiming that Dr. Ornelas failed to follow proper procedures and protocols during her examination of Jane Doe.  Or, maybe, the defendant believes that the instrument Dr. Ornelas used in the examination of Jane Doe—namely a colposcope—is the tool of a quack.[1]  It could be that the defendant believes that the premise of Dr. Ornelas's opinion, that child sexual assaults generally do not result in physical injury, has not been subjected to sufficient peer review or has been tested with the rigor demanded by *Daubert*.  The defendant may believe that Dr. Ornelas's techniques are not generally accepted in the relevant scientific community.  Or, maybe the defendant is asserting that the error rate on such an opinion is so high that it does not pass *Daubert* review.  Or, the defendant may believe that Dr. Ornelas is not a qualified expert to render the opinion.  On the brink of the hearing on the defendant's *Daubert* motion, the United States does not know the answer to *any* of those question.  Indeed, the United States does not know *at all* what the defendant is claiming in his *Daubert* motion.

      3.      If the purpose of a *Daubert* hearing is to permit the trial court to undertake its gate-keeping function to screen purported scientific evidence for reliability, *see Daubert v. Merrell Dow Pharmaceuticals, Inc*. 509 U.S. 579, 589-90 (1993), the Government is uncertain how the Court will undertake this function in vacuum.  In short, the Court needs to know what it is measuring before it can apply the *Daubert* yardstick.  The defendant's motion leaves the Government, and the Court, guessing.  It should be insufficient in federal court, in a case where the stakes are so high, for any defendant to hurriedly cobble together a boilerplate motion, slap the *Daubert* citation in the middle of it, then expect the Government to have a meaningful

---

[1] A colposcope is the commonly used instrument to examine an illuminated, magnified view of the cervix and the tissues of the vagina and vulva.

opportunity to respond.

4. By way of this motion, all the United States is requesting is to be given that meaningful opportunity to respond. That can only be accomplished if the defendant provides a more definite statement with respect to the parameters of his purported *Daubert* claim.

WHEREFORE, the United States respectfully requests this Court issue an order to the defendant to provide a more definite statement as to the parameters of his purported *Daubert* claim.

                Respectfully submitted,

                KENNETH J. GONZALES
                United States Attorney

                <u>Electronically filed Aug. 2, 2011</u>
                JACK E. BURKHEAD
                Assistant United States Attorney
                P.O. Box 607
                Albuquerque, New Mexico  87103
                (505) 346-7274

I hereby certify that on August 2, 2011,
I filed the foregoing electronically through
the CM/ECF system, which caused Counsel
for the Defendant to be served by electronic
means, as more fully reflected on the Notice
of Electronic Filing.

      /s/
JACK E. BURKHEAD
Assistant United States Attorney