IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CR.  No.  10-3463 JB |
| | ) |
| **EDDIE CHACO, JR.,** | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' SUPPLEMENTAL RESPONSE TO
DEFENDANT'S  MOTION IN LIMINE FILED ON JULY 18, 2011 (Doc. 31)
AND NOTICE OF INTENT TO PRESENT EVIDENCE PURSUANT TO RULE 609

The United States of America hereby responds to the defendant's Motion in Limine (Doc.

31) as follows:

1.      Defendant Eddie Chaco, Jr., is charged in this matter with three counts of

aggravated sexual abuse contrary to 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).

2.      On July 18, 2011, the defendant filed a motion in limine (Doc. 31) seeking to

prevent the United States from impeaching him, should he elect to testify, with any prior criminal

conduct, citing Federal Rule of Evidence 401 and 402.  In open Court on August 3, 2011,

defendant supplemented his original argument, asserting that the defendant was entitled to have

four felony offenses, detailed in Doc. 33,  the United States' Response To Defendant's Motion In

Limine Filed on July 19, 2011 (Doc. 31) and Notice of Intent to Present Evidence Pursuant to

Rule 609, the details of which are incorporated herein, excluded pursuant to Federal Rule of

Evidence 609 and 403.

3.      In his motion, the defendant seeks to prevent the United States from making any

-1-

"reference to any of [the defendant's] previous criminal history, assuming that Mr. Chaco should testify on his own behalf."  Doc. 31 at ¶ 1.  To support this argument, the defendant argues that the evidence is not relevant and is thereby precluded by Federal Rules of Evidence 401 and 402.

4.      During argument on August 3, 2011 concerning this motion, the defendant further argued that Rules 609 (a)(1), 609 (a)(2), and 403 preclude admission of the defendant's prior felony convictions.

5.      In his argument on August 3, 2011, the defendant appears to have abandoned his argument that the prior felony convictions are inadmissible under Federal Rules of Evidence 401 and 402.   In mandating the admissibility of convictions sustained within the 10-year window, excepting those that fail the balancing test, Rule 609 makes no allowance for a "relevancy" determination the defendant requests this Court to make.  To the contrary, the Rule implicitly deems qualifying convictions to be relevant.  Therefore, the Court need only concern itself with the timeliness of the prior convictions and whether each passes the balancing test.

6.      Rule 609 initially provides that evidence of a criminal defendant's prior felony convictions *shall* be admitted for purposes of impeachment.

> "...[E]vidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.   Fed. R. Evid. 609.

7.      Rule 609 further provides two exceptions to the directive to admit prior felony convictions stating.  In relevant part, the rule states:

> [E}vidence that an accused has been convicted of such a crime shall be admitted unless the Court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.  Fed. R. Evid. 609 (a)(1)

8.     The defendant essentially concedes that but for his argument under Rule 403, that the defendant's convictions are ordinarily admissible. The defendant did not dispute that each of the four prior felony convictions were offenses punishable by death or imprisonment in excess of one year under the law under Federal Rule of Evidence 609 (a), nor that each of these four convictions were within ten years since the date of the conviction or of the release of the witness, the defendant.

9.     The primary argument posed by the defendant is that the prior felony convictions, are by their virtue, more prejudicial then probative under the balancing test provided under Rule 403.  However, the defendant provided no authority detailing how the mandated admission of convictions are more prejudicial than probative, other than to argue that a jury may convict the defendant on the basis of knowledge of his convictions. There is no authority cited by the defendant, that the necessity of a decision whether or not to testify, and considerations of the admissibility of prior felony convictions, constitutes unfair prejudice under Rules 609 and the related Rule 403 balancing test.  Furthermore, the defendant advised that his decision whether or not to testify depended upon whether the defendant's prior felony convictions would be admitted upon cross-examination of the defendant. Certainly, each and every defendant must make the personal decision whether or not to testify.  However, the fact that such a decision must be made, does not constitute unfair prejudice under Rule 403.

10.     In interpreting the scope of Rule 609, *United States v. Howell*, 285 F.3d 1263 (10th Cir. 2002) is instructive.  In *Howell* the Court of Appeals began with the Rule's relevant language, that evidence of a witness... has ben convicted of a crime *shall be admitted, subject to Rule 403*. Fed. R. Evid. 609(a)(1) (emphasis added).  The Court of Appeals begins with the

general rule and presumption under Rule 609 is that evidence of a prior felony conviction, within the allowable time frame, is admissible. *Howell*, 285 F.3d at 1267.

11.     An additional question presented in *Howell* was whether the evidence of the prior conviction should necessarily included information about the nature of the conviction or whether the mere fact of conviction was sufficient.  The Court held that evidence of prior convictions, introduced under Rule 609, ordinarily should include the nature of the felony conviction. *Id.* at 1267-68.

12.     The Court of Appeals provided that the United States, in cross examining a defense witness, should confine its cross-examination to a showing of the essential facts of convictions, *the nature of the crimes*, and the punishment.  Id. at 1267 (citing *United States v. Albers*, 93 F.ed 1469, 1479-80 (10ᵗʰ Cir. 1996)).  In *Howell*, the Court noted that both *Albers* and *Wolf* address the introduction of evidence of the *accused's* former felony conviction.  *Id.*  The Court indicated that the Rule demonstrates a greater concern about admitting potentially prejudicial information about the accused than about a mere witness.  *Id.*  The Court indicated that there was no reason why the Court should interpret Rule 609(a)(1) to preclude evidence of a general witness' prior felony conviction, where the rule does not preclude the admission of such evidence pertaining to a defendant. *Id.*

13.     *Howell* indicates that other circuits have also held that "Rule 609(a)(1) requires the district court to admit evidence of the nature and number of a defendant witness' prior felony convictions." *Id*. at 1268 (*additional internal citations omitted*).  The court further indicates that the implicit assumption of Rule 609 is that the prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number.  *Id.*

14.     In *Howell*, the court addressed the balancing test under Rule 403, in relation to Rule 609 considerations.  The court indicated that Rule 609(a)(1) requires the district court to conduct the 403 balancing test, in addition to making a determination regarding a threshold determination concerning the length and severity of punishment. *Id*.  While the court advised that the Tenth Circuit has not adopted a requirement that trial courts make explicit findings in determining the admissibility of prior convictions, explicit findings enable the appellate court to ensure the proper application of Rule 609.  *Id*. at 1269-1270.

15.     In this matter, the question is whether the probative value of admitting the evidence of the defendant's prior felony convictions, including the nature of those convictions, outweighs its prejudicial effect.  The United States submits that the probative value, were the defendant to testify, would outweigh the prejudicial effect because the jury would not be able to fully evaluate the defendant's credibility as a witness if the jurors are not told the full account of the defendant's demonstrated history for disregarding the law.  It stands to reason that the drafters of the Rule drew a strong correlation between the ability to abide by the laws and the ability to testify truthfully.

16.     The Court should not underestimate the probative value of the impeachment evidence the United States seeks to introduce.  This case is the classic he said/she said.  The United States' evidence consists exclusively of Jane Doe's statement.  There is no confession, DNA, physical injuries, or other physical injuries that corroborates Jane Doe's allegation.  Thus, in the event the defendant testifies, the jury will be left to weight her credibility against his.  In undertaking this function, the jury should have access to the tools the law specifically allows to weigh credibility.  Rule 609's sole function is to aid the jury in making such credibility

determinations. This is true in all cases, but certainly in a case such as this where credibility is front and center.

17.     The defendant has provided no evidence that the fact of the defendant's prior felony convictions, nor their nature, will inflame the jury or cause unfair prejudice.  Certainly, the existence of admissible felony convictions are by their nature prejudicial to a defendant. However, the test is one of *unfair prejudice*.  In this particular case, none of the prior felony convictions are of a similar nature to those alleged in this case; not one of the four prior felony convictions even has connotations of sexual abuse.  Where the defendant had been convicted of sexual abuse within the time frame contemplated under Rule 609, then the nature of the offense itself could arguably be deemed to be unfairly prejudicial.  That is not the case at bar.

18.     To further ameliorate the potential for unfair prejudice, the United States is willing to stipulate that the jury be told only that the defendant has four prior felony convictions without identifying the specific nature of the crimes.  Moreover, in that instance, the United States would have no objection to the Court instructing the jury that none of the prior offenses involved sexual abuse.

WHEREFORE, the United States respectfully request this Court issue a pre-trial ruling permitting the United States to impeach the defendant, should he elect to testify, with evidence relating to the existence of his four prior felony convictions, and to the nature of those felony convictions.  In the alternative, the United States requests this Court issues a pre-trial ruling permitting the United States to elicit a sanitized version of the admissible prior felony convictions, wherein the United States will not to identify the nature of the prior felony

convictions, and additionally will stipulate that none of the four prior felony convictions were of

a sexual nature or involving sexual abuse of any kind

                                                            Respectfully submitted,
KENNETH J. GONZALES
United States Attorney

Electronically
NIKI TAPIA-BRITO
JACK E. BURKHEAD
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I hereby certify that on August 3, 2011
I filed the foregoing electronically through
the CM/ECF system, which caused Counsel
for the Defendant to be served by electronic
means, as more fully reflected on the Notice
of Electronic Filing.


_____/s/_____
JACK E. BURKHEAD
ASSISTANT UNITED STATES ATTORNEY