## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                     No. CR 10-3463 JB

EDDIE CHACO, JR.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in Limine Regarding Similar and Repeated Sexual Assaults, filed July 27, 2011 (Doc. 40)("Motion").  The Court held a hearing on August 3, 2011.  The primary issue is whether the Court should, pursuant to rule 414 of the Federal Rules of Evidence, permit Plaintiff United States of America to introduce evidence of repeated sexual assaults that Defendant Eddie Chaco, Jr. committed over a two-year period between approximately August 2008 and May 2010 against the victim, Jane Doe.  The Court finds that the proffered evidence meets the requirements of rule 414 and 403.  The Court will therefore admit the evidence.

## FACTUAL BACKGROUND

Doe was under the age of twelve during the entire period of the alleged offenses.  She is Chaco's daughter, and lived in the same residence as Chaco during intermittent times during the time period between August 2008 and May 2010.

Doe has made allegations of repeated sexual abuse.  She disclosed that, for the two-year period while she was seven and eight years old, Chaco touched her in various sexual ways.  For

example, she disclosed that he would sometimes "sneak" up on her as she slept at night, take off her blankets, and turn her over.  On various occasions, Chaco would ask that she touch his "private" part and would "put his private part in her private part."  On other occasions, he would "lick her private part" and take off her bra and touch her "there."  These encounters occurred most frequently in a one-room building located on Chaco's parents' property that served as Chaco's makeshift bedroom. She disclosed that all of the instances took place at Chaco's house and when no one was around, and would end upon her starting to cry.  On each occasion, according to Doe, Chaco was intoxicated.

With regard to the frequency of these encounters, Doe estimated that they occurred approximately ten different times.  The United States, in crafting the indictment, limited the charges to three encounters.

## PROCEDURAL BACKGROUND

On December 29, 2010, a grand jury returned an Indictment against Chaco for three counts of aggravated sexual abuse on or between August 2008 and May 2010, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).  See Doc. 1.  Chaco pled not guilty and is proceeding to trial.

On June 30, 2010, a forensic interview was completed with Doe.  During the interview, she made disclosures of uncharged abuse along with disclosures of the charged abuse.  The United States moves in limine for a pretrial order permitting it to introduce evidence of the additional sexual assaults.  Specifically, this motion requests admission, pursuant to rule 414 of the Federal Rules of Evidence, of Chaco's alleged repeated sexual assaults of Doe over an approximate two-year period, as she has described them.

Chaco did not file a response to the Motion, but at the August 3, 2011 hearing, he asserted that he opposes the Motion.  Chaco argued that the evidence is irrelevant.  Chaco also contended that, because the proffered evidence involves uncharged offenses, the United States should have indicted

him on these offenses instead of introducing them through rule 414.  Chaco conceded that he received at least fifteen days notice, pursuant to rule 414(b), that the United States intended to use the evidence.

Chaco requested that, if the Court were to grant the Motion, it require the United States to produce a more particularized proffer, detailing what evidence it intends to introduce.  The United States replied that Chaco already possesses a videotape recording of the forensic interview in which Doe makes the disclosures that the United States seeks to introduce.  The United States represented that it intended to elicit testimony from Doe about the first and last time Chaco allegedly sexually assaulted her, and one of the ten assaults in between.  The United States further represented that the universe of testimony that it seeks to introduce is included in the videotape recording.

## LAW REGARDING 18 U.S.C. §§ 2241(c) AND 2246(2)(D)

Both statutory sections -- 18 U.S.C. §§ 2241(c) and 2246(2)(D) -- are part of Chapter 109A, entitled "Sexual Abuse."  Under § 2241(c), anyone who, "in the . . . territorial jurisdiction of the United States . . . , knowingly engages in a <u>sexual act</u> with another person who has not attained the age of 12 years, . . . or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life."  18 U.S.C. § 2241(c)(emphasis added).  Section 2246 of Title 18 defines "sexual act" -- the act punishable under § 2241(c) -- as

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2).

## LAW REGARDING RULE 414

Rule 414(a) of the Federal Rules of Evidence provides: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Before a court may admit evidence under rule 414, however, it must conduct a three-part analysis and then perform a balancing test pursuant to rule 403. See United States v. McHorse, 179 F.3d 889, 897-98 (10th Cir. 1999). First, the court must find that the defendant "is accused of an offense of child molestation." United States v. McHorse, 179 F.3d at 898 (quoting Fed. R. Evid. 414(a)). Rule 414 provides that "an offense of child molestation" includes those offenses found in Chapter 109A of Title 18. Next, the court must find "that the proffered evidence is 'evidence of the defendant's commission of another offense or offenses of child molestation.'" United States v. McHorse, 179 F.3d at 898 (quoting Fed. R. Evid. 414(a)). Finally, the court must find that the evidence sought to be introduced is relevant. See United States v. McHorse, 179 F.3d at 898 (citing United States v. Guardia, 135 F.3d 1326, 1328, 1331 (10th Cir. 1998)). After a determination that the prior acts meet the requirements of rule 414, a balancing test under rule 403 is necessary. See United States v. McHorse, 179 F.3d at 898 (citing United States v. Meacham, 115 F.3d 1488, 1495 (10th Cir. 1997)).

Society places a heavy stigma upon those accused of sex crimes, and the Court must, therefore, "take into account the chance that 'a jury will convict for crimes other than those charged -- or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment.'"

United States v. Castillo, 140 F.3d 874, 882 (10th Cir. 1998)(quoting Old Chief v. United States, 519 U.S. 172, 181 (1997)).  A court thus has a special duty to ensure that the evidence is probative and to weigh the evidence's probative value against its prejudicial effect to the defendant: "[A] court must perform the same 403 analysis that it does in any other context, but with careful attention to both the significant probative value and the strong prejudicial qualities inherent in all evidence submitted under [rule 414]."  United States v. Guardia, 135 F.3d at 1330 (analyzing rule 413).  Even though courts are to apply the 403 balancing test, courts are to "liberally" admit evidence of prior offenses under rule 414.  United States v. Meacham, 115 F.3d at 1492 ("Rule 403 balancing is still applicable, but clearly under Rule 414 the courts are to 'liberally' admit evidence of prior uncharged sex offenses."  (citation omitted)).

The United States Court of Appeals for the Tenth Circuit has recognized that the court must consider the following when performing a rule 403 balancing in the rule 414 context: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence."  United States v. McHorse, 179 F.3d at 898 (quoting United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998)).  "No single factor is dispositive."  United States v. Velarde, 88 F. App'x 339, 343 (10th Cir. 2004)(citing United States v. Mann, 193 F.3d 1172, 1174-75 (10th Cir. 1999)).  The first factor requires the district court to "make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the prior similar sexual act occurred."  United States v. Mann, 193 F.3d at 1174 (citation omitted)(internal quotations omitted). See United States v. McHorse, 179 F.3d at 899 (finding that court properly concluded that the government had established the defendant's prior acts with evidence sufficient to support a finding by a preponderance that the defendant had in fact committed those acts)(citing United States v.

Enjady, 134 F.3d at 1433).  When analyzing the probative dangers, a court needs to consider: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct."  179 F.3d at 898 (citation omitted).  Finally, when admitting evidence under rule 414, the court must "make a reasoned, recorded" statement of its rule-403 decision.  See United States v. Castillo, 140 F.3d at 884 (citation omitted).  "[T]hat the uncharged conduct was aimed at the same victim as the charged conduct does not significantly impact the 414 or relevance analyses."  United States v. Wilson, 83 Fed. R. Evid. Serv. 49, at *6 (D.N.M. 2010)(Browning, J.)(citing United States v. Tail, 459 F.3d 854, 858 (8th Cir. 2006)("The [prior] conviction was probative because it involved the same victim and an act that occurred close in time and under circumstances similar to the crime charged in this case."); United States v. Castillo, 188 F.3d 519, at *3 (10th Cir. 1999)(table)("Evidence that the charged offense was part of a broader pattern of molestation may be important to put the charge in perspective[, and thus] the uncharged acts were probative of establishing Defendant's specific inclination or disposition to engage in acts of sexual abuse against his daughters.")(internal alterations, quotations, and citations omitted); United States v. Fred, No. CR 05-801 JB, 2006 WL 4079618, at *5-6 (D.N.M. Dec.1, 2006)(Browning, J.)).

## LAW REGARDING RULE 403

Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice.  See United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989).  "[I]t is only unfair prejudice, substantially outweighing probative value, which permits

-6-

exclusion of relevant matter [under rule 403]." United States v. Pettigrew, 468 F.3d 626, 638 (10th Cir. 2006)(quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991))(emphasis in original).  The Tenth Circuit has recently reminded the district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly."  United States v. Smalls, 605 F.3d 765, 787 (10th Cir. 2010).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999), and the trial court's discretion to balance possible unfair prejudice against probative value is broad, see United States v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983); United States v. Masters, 622 F.2d 83, 87-88 (4th Cir. 1980).  As the Supreme Court of the United States recently noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings . . . .  This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(quoting 1 S. Childress & M. Davis, Federal Standards of Review § 4.02, at 4-16 (3d ed. 1999)).  See United States v. Abel, 469 U.S. 45, 54 (1984)("Assessing the probative value of [proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .").

Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury or otherwise tends to adversely affect the jury's attitude toward the defendant, wholly apart from its judgment as to his guilt or innocence of the crime charged.  See

United States v. Rodriguez, 192 F.2d 946, 951 (10th Cir. 1999).  Evidence is not unfairly prejudicial merely because it damages a case.  See United States v. Caraway, 543 F.3d 1290, 1301 (10th Cir. 2008); United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003); United States v. Martinez, 938 F.2d 1078, 1082 (10th Cir. 1991).  Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'"  United States v. Caraway, 453 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee note)(emphasis in original).

## ANALYSIS

The Court will grant the United States' Motion.  The proffered evidence meets rule 414's three-part test.  The evidence also is more probative than unduly prejudicial.  Accordingly, the Court finds the testimony of other, uncharged sexual abuse between August 2008 and May 2010 is admissible.  Because the United States has provided Chaco a copy of the videotape recording of the forensic interview in which Doe makes the disclosures the United States seeks to introduce, the Court will not require the United States to provide an additional proffer of what evidence it seeks to introduce.

## I.   THE PROFFERED EVIDENCE SATISFIES RULE 414'S THREE-PART TEST.

There is no dispute that the indictment charges the crime of sexual abuse of a minor.  There is also no dispute that the proffered evidence is evidence of Chaco's commission of another offense of child molestation.  Chaco's central argument is that the proffered evidence is not relevant.  The Court also finds that the testimony that the United States seeks to elicit is relevant.  The Court therefore concludes that the proffered evidence satisfies rule 414's three-part test.

### A.   THE INDICTMENT CHARGES SEXUAL ABUSE OF A MINOR.

Chaco is charged with violating 18 U.S.C. §§ 2241(c) and 2246(2)(D).  Thus, it is undisputed

that Chaco "is accused of an offense of child molestation." United States v. McHorse, 179 F.3d at

898 (quoting Fed. R. Evid. 414(a)).  Accordingly, the first prong of the three-part test is satisfied.

### B.   THE PROFFERED EVIDENCE IS EVIDENCE OF CHACO'S COMMISSION OF ANOTHER OFFENSE OF CHILD MOLESTATION.

The evidence that the United States seeks to admit involves Chaco's repeated molestation of

Doe over an approximately two-year period.  Accordingly, "the proffered evidence is 'evidence of

the defendant's commission of another offense or offenses of child molestation.'" United States v.

McHorse, 179 F.3d at 898.  The evidence thus satisfies the second prong of the three-part test.  Chaco

argued that the terms "another offense or offenses of child molestation" requires that the sexual abuse

be of a different victim.  The Court believes, however, "that the uncharged conduct was aimed at the

same victim as the charged conduct does not significantly impact the 414 or relevance analyses."

United States v. Wilson, 83 Fed. R. Evid. Serv. 49, at *6 (citing United States v. Tail, 459 F.3d at 858

("The [prior] conviction was probative because it involved the same victim and an act that occurred

close in time and under circumstances similar to the crime charged in this case."); United States v.

Castillo, 188 F.3d 519, at *3 ("Evidence that the charged offense was part of a broader pattern of

molestation may be important to put the charge in perspective[, and thus] the uncharged acts were

probative of establishing Defendant's specific inclination or disposition to engage in acts of sexual

abuse against his daughters.")(internal alterations, quotations, and citations omitted); United States

v. Fred, 2006 WL 4079618, at *5-6)).

### C.   THE PROFFERED EVIDENCE IS RELEVANT.

The evidence that the United States seeks to admit is relevant in that it "certainly indicates

that defendant has a propensity to sexually abuse young girls." United States v. McHorse, 179 F.3d

at 898.  The evidence is also relevant in that it: (i) demonstrates that Chaco abused Doe in similar

ways on multiple occasions, see, e.g., Fed. R. Evid. 413 advisory committee notes (statement of Rep. Susan Molinari)("In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant -- a sexual or sadosexual interest in children -- that simply does not exist in ordinary people."); United States v. McHorse, 179 F.3d at 898 ("The Rule 414(a) testimony . . . certainly indicates that Defendant has a propensity to sexually abuse young girls."); (ii) corroborates Doe's accusations, see, e.g., Fed. R. Evid. 413 advisory committee notes (statement of Rep. Susan Molinari)("[Child molestation cases] require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, there is a compelling public interest in admitting all significant evidence that will illumine the credibility of the charge and any denial by the defense."); United States v. Charley, 189 F.3d 1251, 1260 (10th Cir. 1999)(holding that a district court's reliance on the reasoning in rule 413 advisory committee notes was "sufficient to explain the district court's reasoning in admitting the statement"); and (iii) shows that he abuses Doe during times when he is intoxicated and when his chances of being caught by other adults is reduced, see  United States v. McHorse, 179 F.3d at 898.  Thus, the evidence is relevant and meets rule 414's three-part test set forth in United States v. McHorse.

## II.      THE PROFFERED EVIDENCE IS ADMISSIBLE UNDER RULE 403.

The proffered evidence makes it more likely than without the evidence that Chaco committed the charged offenses.  Doe's testimony will prove, if it is proven at all, her abuse.  Evidence of other, uncharged abuse will corroborate her testimony.  Additional abuse will be integrated into her testimony regarding the charged abuse just as it was when she disclosed the many instances of abuse to the forensic interviewer.  The evidence is probative of Chaco's propensity to abuse Doe in a repeated and systematic manner.  See, e.g., Fed. R. Evid. 413 advisory committee notes (statement

of Rep. Susan Molinari)(supporting rule 414 because, in part, child abuse "cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, there is a compelling public interest in admitting all significant evidence that will illumine the credibility of the charge and any denial by the defense."). Other than Doe's testimony of these other instances, there would be no evidence of the systemic nature of the abuse.

The Court assumes, so close to trial, that Chaco disputes that he sexually abused Doe. This dispute does not mean, however, that the Court should exclude rule 414 evidence. The other factors weigh in favor of admission. The United States cannot reasonably avail itself of any less prejudicial evidence regarding: (i) the fact that Chaco engaged in repeated sexual acts with the young victim; (ii) that he viewed a family member as a suitable object of his sexual aggression; and (iii) that he lacked effective inhibitions in his home to control his aggression. See United States v. Mann, 193 F.3d at 1175. Finally, "probative dangers" do not exist to any material degree in this case. With an appropriate jury instruction,[1] such as the one that the court used in United States v. McHorse,[2] the chance that the proffered evidence will contribute to an improperly based verdict is significantly

---

[1] Chaco should prepare and submit a limiting instruction if he would like the Court to give it.

[2] The district court in United States v. McHorse gave this limiting instruction:

> In a criminal case in which the defendant is accused of . . . an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the indictment. Bear in mind as you consider this evidence at all times, the government has the burden of proving that the defendant committed each of the elements of the offense charged in the indictment. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the indictment.

United States v. McHorse, 179 F.3d at 903 ("The instruction is proper.").

reduced.  Such an instruction will also focus the jury so that the rule 414 evidence will not distract the jury from the central issues of the trial.  Relatively little trial time will be consumed providing the rule 414 evidence, because it will be an integral part of the story that  Doe will convey in her direct-examination testimony.  Moreover, the Court discounts how much additional prejudice it could cause to allow Doe to testify, for example, that she was abused ten times rather than three times.

The special factors the Court must weigh in its rule 403 analysis when addressing the admissibility of evidence under rule 414 also counsel in favor of allowing Doe to testify as to the uncharged conduct.  Those factors are: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence." United States v. McHorse, 179 F.3d at 898 (quoting United States v. Enjady, 134 F.3d at 1433). First, the uncharged conduct can likely be proved by a preponderance of the evidence, given that it will be corroborated by Doe's testimony regarding the charged conduct.  The Court has already concluded that the uncharged conduct is relevant, and the Court finds its probative value to be relatively strong.  The material fact at issue is whether Chaco sexually abused Doe, and Chaco disputes these allegations.  Finally, although there is some evidence of Chaco's guilt other than the testimony of uncharged conduct -- i.e., Doe's testimony regarding the charged conduct -- the United States is burdened with proving their allegations of charged conduct beyond a reasonable doubt.  The Court does not think the availability of other evidence tending to establish Chaco's guilt is sufficient to outweigh the other factors and the United States' interest in maximizing its evidence against Chaco.  The Court thus finds the factors weigh in favor of allowing  Doe's testimony under rule 414.[3]

_____

[3] The Court also notes that it could be difficult, if not impossible, to control Doe's testimony and reasonably limit it to conduct occurring only during the charged time period.  Children often

III.    ADMITTING    THE    TESTIMONY    WILL    NOT    VIOLATE    CHACO'S
        CONSTITUTIONAL RIGHT TO DUE PROCESS.

Chaco argued at the hearing that the United States should have indicted him on the other

alleged incidents of sexual abuse instead of seeking to admit the evidence through rule 414.  The

Court understands this to be a due process argument.  Chaco's constitutional challenge is not

persuasive.  The Tenth Circuit has confirmed the constitutionality of rule 414 in the context of due-

process challenges.  See United States v. Velarde, 214 F.3d 1204, 1212 (10th Cir. 2000)("A panel

of this court has recently upheld the constitutionality of Rule 414 and the admission of evidence of

prior offenses of child molestation pursuant thereto.")(citing United States v. Charley, 189 F.3d at

1259-60; United States v. Castillo, 140 F.3d at 883-84); United States v. Charley, 189 F.3d at 1259

("We recently held that Rule 414 is not unconstitutional on its face, 'because Rule 403 applies to

Rule 414 evidence,' and '[a]pplication of Rule 403 . . . should always result in the exclusion of

evidence that' is so prejudicial that it violates a defendant's due process right to a fair trial.")(quoting

United States v. Castillo, 140 F.3d at 883-84); United States v. McHorse, 179 F.3d at 896 ("[W]e

conclude that the Rule 414(a) evidence relating to Defendant's sexual abuse of Jane Does D and E

_____

have little or no concept of the passage of time, and Doe would be unlikely to be able to comply if
instructed not to talk about things that happened outside the charged period.  Moreover, the other
incidents of alleged abuse "happened more-or-less contemporaneously with the alleged crimes with
which [Chaco] is charged, and the Court believes the jury should have a complete picture of the facts
as they existed at the time of the crime."  United States v. Mirabal, No. CR 09-3207 J. BAKER,
2010 WL 3894147, at *3 (D.N.M. July 31, 2010)(Browning, J.)(citing United States v. Fred, No.
CR 05-801 JB, 2006 WL 4079618, at *3 (D.N.M. Dec. 1, 2006)(Browning, J.)(noting that "[t]he
Tenth Circuit has approved using res gestae evidence 'when it provides the context for the crime,
is necessary to a full presentation of the case, or is appropriate in order to complete the story of the
crime on trial by proving its immediate context or the res gestae.'")(quoting United States v.
Kimball, 73 F.3d 269, 272 (10th Cir. 1995)).  To require Does to talk about three separate instances
without any reference to the other seven would paint an artificial picture of the facts of this case for
the jury and could make it unnecessarily difficult or impossible for a young girl to testify.

was not so prejudicial as to violate the due process protections of the Fifth Amendment."); United States v. Charley, 176 F.3d at 1272 ("We recently held that Rule 414 is not unconstitutional on its face[.]"); United States v. Mann, 145 F.3d 1347, at *1 (10th Cir. 1998)(table)("[W]e found that Rule 414 violates neither the Due Process Clause of the Fifth Amendment[.]"); United States v. Castillo, 140 F.3d at 883-84.  Cf. United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998)("[W]ithout the safeguards embodied in Rule 403 we would hold the rule unconstitutional").  The Court has found that the suggested rule 414 testimony fits the three-part test for application of rule 414, and that its prejudicial effect is not substantially outweighed by its probative value.  While Doe's lack of specific dates presents a challenge to the United States' ability to prove the charges in the Indictment,[4] Chaco's concerns and criticisms about the lack of specificity go more to the weight of Doe's evidence, and he and his counsel can show the weaknesses of her testimony during cross-examination while pointing out her lack of specificity.  The Court does not think the lack of specificity rises to the level of a due-process issue requiring that the Court exclude her testimony about the rule 414 conduct entirely.  Finally, Chaco cannot legally complain that the United States has some constitutional obligation to charge him with all crimes or acts rather than attempt to use the other instances as evidence under the Federal Rule of Evidence; otherwise, there would be no application for rule 404(b) and 414.  The Court thus finds that the testimony would not violate Chaco's Fifth Amendment due-process right.

---

[4] The Court will give the following instruction: "You will note that the indictment charges that the crime was committed on or between August 2008 and May 2010. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near between August 2008 and May 2010."  Tenth Circuit Pattern Jury Instructions Criminal § 1.18, at 32 (2011 Ed.)(**ON OR ABOUT**)(adapted).

**IT IS ORDERED** that the United States' Motion in Limine Regarding Similar and Repeated

Sexual Assaults, filed July 27, 2011 (Doc. 40), is granted.


_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Niki Tapia-Brito
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Samuel L. Winder
Law Office of Samuel L. Winder, LLC
Albuquerque, New Mexico

        *Attorney for the Defendant*