IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                              No. CR 10-3463 JB

EDDIE CHACO, JR.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in Limine to Exclude Evidence of Prior Instances of Abuse Perpetrated on Jane Doe, filed July 25, 2011 (Doc. 34)("Motion"). The Court held a hearing on August 3, 2011. The primary issue is whether the Court should exclude as irrelevant evidence of prior instances of abuse perpetrated on Jane Doe, the alleged victim. Because Doe's prior abuse may be relevant to Defendant Eddie Chaco, Jr.'s defense, the Court denies the Motion.

## FACTUAL BACKGROUND

Before the alleged abuse perpetrated in this matter, Doe was the victim in two other separate and unrelated cases of sexual abuse. The first instance of abuse occurred approximately seven years ago by a person Jane Doe calls "Uncle James." The abuse Doe alleged occurred approximately seven years ago, when she was five or six years of age and "James" was ten or eleven.

The second incident of sexual abuse inflicted on Jane Doe before this case involved Benjamin Becenti, a former boyfriend of Doe's mother. During the summer of 2007, Becenti sexually abused Doe. He placed his penis between Doe's legs and rubbed it against her vagina.

Becenti subseqeuntly confessed to this offense, pleading guilty in state court, and was sentenced to a term in prison.

## PROCEDURAL BACKGROUND

On December 29, 2010, a grand jury returned an Indictment against Chaco for three counts of aggravated sexual abuse on or between August 2008 and May 2010, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D). See Doc. 1. Chaco pled not guilty and is proceeding to trial.

Law Enforcement first learned of this incident on or about July 13, 2011, when Doe made mention of it during the course of her medical examination with Rene Ornelas, M.D. Law enforcement investigated and learned that "James" is a cousin of Doe's mother.

Plaintiff United States of America moves the Court, pursuant to rules 401 and 402 of the Federal Rule of Evidence, to prohibit Chaco from introducing evidence of the prior instance of abuse perpetrated upon Doe. The United States argues that the two prior instances of abuse have no relevance in this case. The United States further contends that whatever marginal relevance that evidence would have, moreover, is substantially outweighed by the danger that the issues will be confused, the jury will be misled, and the consideration of delay and waste of time.

On August 1, 2011, Chaco filed his Response to United States' Motion in Limine to Prevent Counsel for the Defendant from Defendant's Response to United States' Motion in Limine to Exclude Evidence of Prior Intances [sic] of Abused Prepetrated [sic] on Jane Doe. See Doc. 59 ("Response"). Chaco contends that the prior instances of abuse are relevant. He contends that "[t]he sexual abuse perpetrated upon Jane Doe is potential exculpatory material. By analogy, in other violent crimes or narcotics cases, it is not uncommon for a defendant to claim that someone committed the offense." Response ¶ 2, at 1. Chaco asserts that "the two instances of abuse are relevant since the instances of sexual abuse were addressed during the examination conducted by

Dr. Ornelas." Response ¶ 4, at 2. Chaco also argues "upon information and belief at least one of the instances may have occurred during the time frame set forth in the indictment." Response ¶ 4, at 2.

At the August 3, 2011 hearing, Chaco argued that the evidence of Doe's prior abuse is relevant to his defense, because the abuse may have occurred contemporaneously with the sexual assault with which Chaco is charged. He suggested that Doe may be confused and may have transposed her memory of other abusers onto her father. Chaco asserts that, if the Court is concerned about making Doe testify about the abuse and relive the experience, it can introduce the testimony through Dr. Ornelas.

The United States responded at the hearing that Becenti made a confession, and his confession does not contain the acts Doe alleges Chaco did to her. Doe told Dr. Ornelas that Chaco ejaculated on her leg. The United States asserts that Becenti's confession did not state that he ejaculated on Doe's leg. The United States argues, therefore, that Doe could not be transposing her memory of Becenti onto Chaco. The United States requests that, if the Court denies its Motion, it allow Becenti's confession into evidence, either through a transcript of the confession or through the testimony of an investigator that was present during the confession. Chaco opposed admitting Becenti's confession and argued that its proposed methods of introduction were hearsay. The United States argued that Chaco wants to admit the fact of the abuse without the evidence of the abuse, and that Chaco should not be allowed to have one without the other.

## ANALYSIS

The Court denies the Motion. The parties do not dispute that other incidents of abuse occurred. The Court believes that the other incidents of abuse are relevant to the issue of who sexually assaulted her. Identification is relevant.

> The government must prove, beyond a reasonable doubt, that the offense(s) charged in this case was actually committed and that it was the defendant who committed it. Thus, the identification of the defendant as the person who committed the offense(s) charged is a necessary and important part of the government's case.

Tenth Circuit Pattern Jury Instructions Criminal §1.29, at 46 (2011)(**IDENTIFICATION TESTIMONY**).  See United States v. Pena, 930 F.2d 1486, 1492 (10th Cir. 1991)(noting the "principle of law . . . requiring the government to prove that the defendant was the person who committed the offense charged").  The Court will not preclude the United States from introducing Becenti's confession, but the Court is uncertain how the United States would manage to do so within the bounds of the Federal Rules of Evidence.  The Court therefore will withhold deciding whether to allow Becenti's confession until trial so that it can see whether the United States can introduce the confession without violating the rules against hearsay.

**IT IS ORDERED** that the Court denies the United States' Motion in Limine to Exclude Evidence of Prior Instances of Abuse Perpetrated on Jane Doe, filed July 25, 2011 (Doc. 34).

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Niki Tapia-Brito
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Samuel L. Winder
Law Office of Samuel L. Winder, LLC
Albuquerque, New Mexico

    *Attorney for the Defendant*