IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                No. CR 10-3463 JB

EDDIE CHACO, JR.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion in Limine to Prevent Counsel for the Defendant from Eliciting Evidence Regarding the Defendant's Statement to Law Enforcement, filed July 25, 2011 (Doc. 35)("Motion"). The Court held a hearing on August 3, 2011. The primary issue is whether the Court should prohibit Defendant Eddie Chaco, Jr., through counsel, from eliciting testimony from law enforcement officers that Chaco denies Jane Doe's allegations that he sexually abused her. Because testimony Chaco elicits about his statements to law enforcement officers would be hearsay, the Court will grant the Motion in part. Chaco may not elicit this testimony in his cross-examination of Federal Bureau of Investigation Special Agent Mac McCaskill in Plaintiff United States of America's case in chief, but Chaco may testify about his denials in his case if he takes the stand.

**FACTUAL BACKGROUND**

During the course of investigating this matter, McCaskill twice interviewed Chaco. The first interview occurred on or about July 13, 2010. The second interview occurred on or about January 4, 2011. On both occasions, Chaco denied the charges and requested an attorney. Both interviews

were terminated when Chaco requested an attorney.

## PROCEDURAL BACKGROUND

On December 29, 2010, a grand jury returned an Indictment against Chaco for three counts of aggravated sexual abuse on or between August 2008 and May 2010, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D). See Doc. 1. Chaco pled not guilty and is proceeding to trial.

Plaintiff United States of America moves the Court to prohibit Chaco, through counsel, from mentioning or putting forth any evidence, asking any question, or making any statement or argument, either directly or indirectly, concerning any statement Chaco made to law enforcement. The United States argues that any attempt by Chaco to elicit testimony about his statement to McCaskill or other law enforcement officers would be impermissible hearsay, in violation of the Federal Rules of Evidence. See Fed. R. Evid. 801(c)("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

On July 30, 2011, Chaco filed his Response to United States' Motion in Limine to Prevent Counsel for the Defendant from Eliciting Evidence Regarding the Defendant's Statement to Law Enforcement. See Doc. 50 ("Response"). Chaco states that, "[i]f Mr. Chaco should testify on his own behalf, he will not testify that he was interviewed two times and denied the charges." Response ¶ 2, at 1. Chaco asserts, however, "it would be proper cross-examination of any United States investigator to be asked if Mr. Chaco was interviewed and denied the charges." Response ¶ 3, at 1. Chaco does not address the United States' arguments that Chaco's solicitation, through counsel, of testimony about his statements to law enforcement officers is hearsay.

At the August 3, 2011 hearing, the United States represented that McCaskill will outline the investigation into Doe's allegations, provide a general overview of where Doe was living at certain

times, and provide other observations about Jane Doe.  He will not testify about Chaco's statements to him.  The United States requested that, if Chaco testifies at trial, it be allowed to impeach Chaco with his statements to McCaskill if he testifies inconsistently.  In particular, the United States noted that Chaco told McCaskill that Chaco has a drinking problem, which may be relevant, because Doe stated Chaco was intoxicated when he sexually assaulted her.  Chaco also said that, if he takes the stand, he might testify about his denials; the United States did not object to the denials coming in through Chaco in his case.

## ANALYSIS

For the reasons stated on the record at the August 3, 2011 hearing, the Court grants the Motion.  It appears that Chaco wants to use McCaskill to introduce testimony that Chaco denies the charges.  Chaco thus seeks to use McCaskill to introduce Chaco's out of court statements "to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  This testimony would be hearsay under the Federal Rules of Evidence.  The United States could, pursuant to rule 801(d)(2), introduce Chaco's statements as party opponent admissions.  See Fed. R. Evid. 801(d)(2)("**Statements which are not hearsay.** A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement, in either an individual or a representative capacity . . . .").  Chaco, however, may not.

This case involves the credibility of Chaco and Doe.  The United States' fear is that Chaco will get his denial in through cross-examination of McCaskill in the United States' case in chief, and then not testify in his case.  The law prevents Chaco from so proceeding.  See Fed. R. Evid. 801(c).

**IT IS ORDERED** that the United States' Motion in Limine to Prevent Counsel for the Defendant from Eliciting Evidence Regarding the Defendant's Statement to Law Enforcement, filed July 25, 2011 (Doc. 35), is granted in part.  Defendant Eddie Chaco, Jr. may not elicit testimony

about his denials on cross-examination of Mac McCaskill, but may testify about the denials if he takes the stand to testify.

                                                                                                                _____
                                                       UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Niki Tapia-Brito
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Samuel L. Winder
Law Office of Samuel L. Winder, LLC
Albuquerque, New Mexico

       *Attorney for the Defendant*