IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                    No. CR 10-3463 JB

EDDIE CHACO, JR.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion in Limine to Admit Statements of Jane Doe, filed August 2, 2011 (Doc. 63)("Motion"). The Court held a hearing on August 2, 2011. The primary issue is whether the Court should issue an order *in limine* permitting Plaintiff United States of America to elicit testimony from Angelica Rael that Jane Doe told her she was "sad" to go home. Because Doe's statement declares her then existing state of mind and emotion, falling within the hearsay exception of rule 803(3) of the Federal Rules of Evidence, the Court will allow the United States to introduce the testimony.

**FACTUAL BACKGROUND**

In June 2010, Doe told Rael that Defendant Eddie Chaco, Jr. had been sexually abusing her. Rael is the daughter-in-law of the pastor at the church that Doe's grandparents regularly attended. At the time of this disclosure, Doe, who was then eleven, was in her grandparents' custody, although she occasionally spent periods of time with the pastor's family at their home in Taos, New Mexico. During one of these visits, Doe made the disclosure to Rael.

**PROCEDURAL BACKGROUND**

On December 29, 2010, a grand jury returned an Indictment against Chaco for three counts of aggravated sexual abuse on or between August 2008 and May 2010, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D). See Doc. 1. Chaco pled not guilty and is proceeding to trial.

The United States moves the Court to allow it to elicit testimony from Rael that Doe told her she was "sad" to go home. The United States does not seek to introduce Doe's disclosure of sexual abuse to Rael. Instead, the United State seeks to introduce a single statement that Doe made to Rael that precipitated the disclosure. Specifically, Rael will testify that, in June 2010, Doe told her that she was "sad" to have to go back home; "home" is the residence of Chaco's parents, where the alleged sexual abuse was occurring. When Rael queried Does why she was sad to go home, Doe then alleged that Chaco systematically sexually abused her. The United States contends that the statement the Doe was sad falls squarely with rule 803(3)'s hearsay exception for statements of then existing state of mind. The United States further contends that, because Doe will testify at Chaco's trial and because the statement is not testimonial, it does not violate Chaco's Confrontation Clause rights.

On August 2, 2011, Chaco filed his Response to Motion in Limine to Admit Statements of Jane Doe. See Doc. 65 ("Response"). Chaco asserts that he has received no discovery about the statement the United States seeks to admit. Chaco requests more time to fully brief the issue.

At the August 3, 2011 hearing, Chaco initially requested the parties postpone arguing the Motion. The Court suggested that it hear arguments and that, if necessary, it could delay deciding the issue until fuller argument was had. Chaco asserted that he had not received discovery about Doe's statement to Rael that she was sad. The United States responded that it only recently learned of the statement during pretrial witness interviews, and the discovery is complete. Chaco stated that

he opposed the Motion, but that, if the Court grants it, he requests that the Court require the United States to lay a proper foundation.

## ANALYSIS

The Court will grant the Motion. The United States seeks to introduce testimony from Rael that Doe stated she was sad to return to live with Chaco. The United States seeks to introduce the out of court statement "to prove the truth of the matter asserted," making it hearsay under rule 801(c). Fed. R. Evid. 801(c). The statement the United States seeks to introduce, although hearsay, is admissible under rule 803(3)'s hearsay exception for "[a] statement of the declarant's then existing state of mind [or] emotion." Fed. R. Evid. 803(3). Rule 803(3) permits the introduction of "hearsay . . . , even though the declarant is available as a witness," for a statement of the declarant's "[t]hen existing mental, emotional, or physical condition":

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Fed. R. Evid. 803(3). Jane Doe's statement falls within the heartland of those statements rule 803(3) covers. Her declaration of sadness is a statement relating to her then existing state of mind and emotion.

Additionally, the testimony does not violate Chaco's Confrontation Clause rights, because Doe will testify at trial. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court of the United States asserted:

> [W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. See California v. Green, 399 U.S. 149, 162 . . . (1970). . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.

541 U.S. at 59 n.9.  The statement would also not be testimonial, because it was not made to law enforcement and was made before any criminal investigation began.  See <u>United States v. Smalls</u>, 605 F.3d 765 (10th Cir. 2010)(stating, without deciding, that a testimonial statement could be defined as either "a formal declaration made by the declarant that, when objectively considered, indicates the primary purpose for which the declaration was made was that of establishing or proving some fact potentially relevant to a criminal prosecution," or "[a] formal statement . . . a reasonable person in the position of the declarant would objectively foresee that the primary purpose of the statement was for use in the investigation or prosecution of a crime").  Doe's statements, therefore, do not violate Chaco's right to confront witness against him.

**IT IS ORDERED** that the United States' Motion in Limine to Admit Statements of Jane Doe, filed August 2, 2011 (Doc. 63), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Niki Tapia-Brito
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Samuel L. Winder
Law Office of Samuel L. Winder, LLC
Albuquerque, New Mexico

    *Attorney for the Defendant*