# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                       No. CR 10-3463 JB

EDDIE CHACO, JR.,

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion in Limine, filed July 18, 2011 (Doc. 31)("Motion"); and (ii) United States' Response to Defendant's Motion in Limine Filed on July 18, 2011 (Doc. 31) and Notice of Intent to Present Evidence Pursuant to Rule 609, filed July 22, 2011 (Doc. 33)("Response").  The Court held a hearing on August 3, 2011.  The primary issue is whether the Court should preclude Plaintiff United States of America from introducing any evidence regarding Defendant Eddie Chaco, Jr.'s criminal history.  The Court will allow the United States to introduce limited evidence of Chaco's criminal history for impeachment purposes on cross-examination if Chaco testifies.  The Court will allow the United States to introduce evidence that Chaco has four felony convictions from 2004, but may not introduce the name or details of the crime.

## FACTUAL BACKGROUND

Chaco has been convicted of four felonies.  On April 2, 2004, Chaco was convicted of the felony offense of robbery in the Thirteenth Judicial District Court, Cibola County, New Mexico, in cause number D-1333-CR-1999-0037.  The same court on the same day also convicted Chaco of the

felony offense of breaking and entering in cause number D-1333-CR-1999-0072.  On July 24, 2004, Chaco was convicted of the felony offense of false imprisonment in the Thirteenth Judicial District Court, Cibola County, New Mexico, in cause number D-1333-CR-1999-0038.  On December 13, 2004, he was convicted of the felony offense of attempting to disarm peace officer in the Thirteenth Judicial District Court, Cibola County, New Mexico, in cause number D-133-CR-2004-0199.  On December 13, 2004, Chaco admitted to violating his probation on the April 2, 2004 convictions and, on February 22, 2006, was re-sentenced to a period of incarceration of three years in the New Mexico Department of Corrections.  He was released from prison in February of 2008.

In addition to those felony convictions, Chaco has been arrested for the following offenses: (i) criminal sexual penetration on January 9, 1999 in Grants, New Mexico; (ii) false imprisonment/child endangerment/battery on a household member on August 5, 1999 in Milan, New Mexico; (iii): restraining order violation/battery on a household member/concealing identity on July 19, 2000 in Grants; (iv) aggravated driving while intoxicated on February 23, 2003 in Grants; (v) burglary and conspiracy on May 26, 2009 in Albuquerque, New Mexico; (vi) shoplifting on July 27, 2010 in Albuquerque; (vii) disorderly conduct on August 11, 2010 in Albuquerque; and (ix) felony murder on November 22, 2010 in Albuquerque.

## PROCEDURAL BACKGROUND

On December 29, 2010, a grand jury returned an Indictment against Chaco for three counts of aggravated sexual abuse on or between August 2008 and May 2010, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).  See Doc. 1.  Chaco pled not guilty and is proceeding to trial.

In his Motion, Chaco seeks to prevent the United States from making any " reference to any of Mr. Chaco's previous criminal history, assuming that Mr. Chaco should testify on his own behalf."  Motion ¶ 1, at 1.  Chaco argues that this evidence "is not admissible, pursuant to Fed. R.

Evid. 401 and 402."  Motion ¶ 2, at 1.

On July 22, 2011, the United States filed its Response, opposing Chaco's Motion and requesting that the Court issue a pre-trial ruling permitting the United States to impeach Chaco, should he elect to testify, with evidence related to his four prior felony convictions.  The United States argues that Chaco fails to address why the Court should not admit his felony convictions, which are less than ten-years old, should not be admitted under rule 609's mandate that such felonies "shall be admitted" unless the Court determines that the prejudicial effect of the evidence is not outweighed by the evidence's probative value.  Fed. R. Evid. 609(a)(1).  The United States argues that "Rule 609 makes no allowance for a 'relevancy' determination" and that rule 609 "implicitly deems qualifying convictions to be relevant."  Response ¶ 5, at 3-4.  The United States contends that "the Court need only concern itself with the timeliness of the prior convictions and whether each passes the balancing test."  Response ¶ 5, at 4.  The United States asserts that each of the 2004 convictions is less than ten-years old.  The United States further contends that the probative value of Chaco's convictions outweigh the potential prejudicial effect:

> The United States submits that the probative value, were the defendant to testify, would outweigh the prejudicial effect because the jury would not be able to fully evaluate the defendant's credibility as a witness if the jurors are not told the full story of his demonstrated history for disregarding the law.  It stands to reason that the drafters of the Rule drew a strong correlation between the ability to abide by the laws and the ability to testify truthfully.  That being the case, one may ask if Rule 609 evidence is not admissible in this case, then what case is it?

Response ¶ 7, at 4.

On August 3, 2011, Chaco filed his Reply to United States' Response to Defendant's Motion in Limine Filed on July 18, 2011 (Doc. 31) and Notice of Intent to Present Evidence Pursuant to Rule 609.  See Doc. 67 ("Reply").  Chaco contends that the United States "desires to prevent [him] from taking the stand with the threat of introducing highly prejudicial evidence."  Reply ¶ 1, at 1.

Chaco further asserts "the United States failed to comprehend Fed. R. Evid. 609(a)(1)," arguing that rule 609(a)(1) applies to only "witness *other than the accused.*"  Reply ¶ 2, at 1-2 (emphasis in original).  <u>But</u> <u>see</u> Fed. R. Evid. 609(a)(1)("[E]vidence that an *accused* has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . ." (emphasis added)).  Based on his incomplete reading of rule 609, he declined to address the merits of the United States' argument.  <u>See</u> Reply ¶ 4, at 2 ("Based upon the clear language set forth in Fed. R. Evid 609, Mr. Chaco will not address the analysis set forth in the United States' Response and Notice.").  Chaco also asserts that he "will immediately request a mistrial if this Court should grant Mr. Chaco's Motion in Limine." Reply ¶ 7, at 2.

At the August 3, 2011 hearing, the United States stated that it seeks, if Chaco take the stand, to ask him whether he was convicted of the four felonies in 2004 and, if he denies it, introduce a plea agreement Chaco signed that sets forth his admission to these felony convictions.  The United States represented that it did not seek to introduce evidence of Chaco's other arrests.  Chaco argued that the Court should not allow the United States to introduce evidence of his criminal history if he decides to testify, because evidence of his past crimes would undermine his credibility and prejudice the jury against him.  Chaco asserted that allowing the United States to impeach him would effectively prevent him from testifying.  The United States argued that this case will largely be a battle of the alleged victim's credibility against Chaco's credibility and that Chaco's felony convictions directly relates to Chaco's character for truthfulness.  The United States stated that it sought only to impeach Chaco with evidence of his felony convictions, and not his arrests.  The Court stated at the hearing that it was inclined to grant Chaco's Motion and prohibit the United States from impeaching Chaco with evidence about his criminal history if he testifies.  The United

States represented that it would agree to omit the names of Chaco's felony convictions and just allow the jury to learn that Chaco is a four time convicted felon without enumerating the crimes or the circumstances behind them.  The United States requested permission to file additional briefing on the matter, which the Court allowed.

On August 3, 2011, the United States filed its Supplemental Response to Defendant's Motion in Limine Filed on July 18, 2011 (Doc. 31) and Notice of Intent to Present Evidence Pursuant to Rule 609.  See Doc. 71 ("Supplemental Response").  The United States argues that Chaco essentially concedes that, but for his argument under rule 403, his convictions are ordinarily admissible.  The United States notes that Chaco does not dispute that each of the four prior felony convictions were offenses punishable by death or imprisonment in excess of one year under the law, or that each of these four convictions were within ten years since the date of the conviction or of his.  It asserts that the United States Court of Appeals for the Tenth Circuit's opinion in United States v. Howell, 285 F.3d 1263 (10th Cir. 2002), stands for the proposition that the "general rule and presumption under Rule 609 is that evidence of a prior felony conviction, within the allowable time frame, is admissible."  Supplemental Response ¶ 10, at 3-4.  The United States further contends that the implicit assumption of rule 609 is that the prior felony convictions are probative of a witness' credibility and that, according to United States v. Howell, their probative value varies with their nature and number.  Supplemental Response ¶ 13, at 4 (citing United States v. Howell, 285 F.3d at 1268).  The United States asserts that this "case is the classic he said/she said," and the jury's ability to correctly assess Chaco's credibility is key.  The United States contends further that Chaco's convictions are more probative than prejudicial.  In particular, the United States asserts that, because the felonies are not similar to the crimes with which Chaco is charged, the risk of unfair prejudice is reduced.

> To further ameliorate the potential for unfair prejudice, the United States is willing to stipulate that the jury be told only that the defendant has four prior felony convictions without identifying the specific nature of the crimes.  Moreover, in that instance, the United States would have no objection to the Court instructing the jury that none of the prior offenses involved sexual abuse.

Supplemental Response ¶ 18, at 6.

## LAW REGARDING RULE 609

"At common law a person who had been convicted of a felony was not competent to testify as a witness."  <u>Green v. Bock Laundry Mach. Chaco.</u>, 490 U.S. 504, 511 (1989).  "[T]he disqualification arose as part of the punishment for the crime, only later being rationalized on the basis that such a person was unworthy of belief."  3 J. Weinstein & M. Berger, <u>Weinstein's Evidence</u> ¶ 609[02], at 609–58 (1988)(citing 2 J. Wigmore, <u>Evidence</u> § 519 (3d ed. 1940)).  "As the law evolved, this absolute bar gradually was replaced by a rule that allowed such witnesses to testify in both civil and criminal cases, but also to be impeached by evidence of a prior felony conviction or a *crimen falsi* misdemeanor conviction."  <u>Green v. Bock Laundry Mach. Chaco.</u>, 490 U.S. at 511 (footnotes omitted).  However, "[i]n the face of scholarly criticism of automatic admission of such impeaching evidence, some courts moved toward a more flexible approach."  <u>Green v. Bock Laundry Mach. Chaco.</u>, 490 U.S. at 511 (footnotes omitted).

> As a means of impeachment, evidence of conviction of crime is significant only because it stands as proof of the commission of the underlying criminal act.  There is little dissent from the general proposition that at least some crimes are relevant to credibility but much disagreement among the cases and commentators about which crimes are usable for this purpose.  The weight of traditional authority has been to allow use of felonies generally, without regard to the nature of the particular offense, and of *crimen falsi* without regard to the grade of the offense.

Fed. R. Evid. 609 advisory committee notes to the 1972 proposed rules (citations omitted).

1.      **Rule 609(a)(1).**

Rule 609(a)(1) of the Federal Rules of Evidence provides:

> For the purpose of attacking the character for truthfulness of a witness, . . . evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . .

Fed. R. Evid. 609(a)(1).  On whether to admit the nature of the underlying offense, the Tenth Circuit has held that, "[o]rdinarily, evidence of a witness's felony conviction shall include information about the nature of that conviction unless, after Rule 403 balancing, the probative value of such evidence is outweighed by its prejudicial effect."  United States v. Lopez-Medina, 596 F.3d 716, 737 (10th Cir. 2010)(quoting United States v. Howell, 285 F.3d at 1267-68).  The Tenth Circuit discussed the different standards which apply to prior convictions offered against an accused as opposed to against a "simple witness":

> The Rule provides that evidence of a prior conviction of a witness shall be admitted unless, pursuant to Rule 403, its probative value is substantially outweighed by its prejudicial effect.  In contrast, evidence of a prior conviction of the accused shall be admitted unless its probative value is merely outweighed by its prejudicial effect. See 28 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 6134, at 230 (1993) ("Rule 609(a)(1) is intended to make it harder to admit conviction evidence when offered against an accused than it is when offered against another witness.").

United States v. Howell, 285 F.3d at 1267 n.1. "Rule 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions." United States v. Howell, 285 F.3d at 1268 (quoting United States v. Burston, 159 F.3d 1328, 1336 (11th Cir. 1998)).  The Tenth Circuit adopted the reasoning of an Eleventh Circuit decision, which explained that "information about the nature of a witness's felony conviction is relevant [because] [t]he

implicit assumption of Rule 609 is that prior felony convictions have probative value.  Their probative value, however, necessarily varies with their nature and number."  United States v. Howell, 285 F.3d at 1268 (quoting United States v. Burston, 159 F.3d at 1335).  The Tenth Circuit also noted, however, that "the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence."  United States v. Howell, 285 F.3d at 1268 (quoting 4 J.B. Weinstein & M.A. Berger, Weinstein's Federal Evidence § 609.20[2] at 609-57 to 60).  A "defendant [i]s entitled to the protection of the rule that only the prior conviction, its general nature, and punishment of felony range [a]re fair game for testing the defendant's credibility. . . .  [F]urther damaging details . . . [a]re not."  United States v. Commanche, 577 F.3d 1261, 1270-71 (10th Cir. 2009)(quoting United States v. Wolf, 561 F.2d 1376, 1381 (10th Cir. 1977))("That Commanche was twice convicted of aggravated battery was properly admissible.  That the crimes involved cutting instruments consistent with the box cutter used in the present case was not.").  "A district court must conduct 'a Rule 403 balancing before determining to exclude all evidence of [a witness's] prior convictions other than the fact and date of such convictions.'"  United States v. Lopez-Medina, 596 F.3d at 737 (quoting United States v. Howell, 285 F.3d at 1269).  "Care should be taken to protect the accused as far as possible from being convicted because of past conduct and not the crime for which he is being tried."  United States v. Commanche, 577 F.3d at 1270-71 (quoting United States v. Wolf, 561 F.2d at 1381).

The Tenth Circuit emphasized the "mandatory nature of Rule 403 balancing," and held that "the court must conduct a Rule 403 balancing before determining what information about a witness's prior felony conviction, including its nature, should be admitted or excluded."  United States v. Howell, 285 F.3d at 1269-70.  In its original proposed form, rule 609(a) did not include a provision for balancing prejudicial effect against probative value.  See Fed. R. Evid. 609 advisory committee

notes to the 1972 proposed rules (stating that evidence that a witness "has been convicted of a crime is admissible" to attack a witness' credibility if "he has been convicted of a crime but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment."). Before enactment in 1974, the House of Representatives and the Senate disagreed whether to allow only convictions involving dishonesty or false statement to be used to impeach defendants or whether to allow all felonies.  The drafting committee adopted the Senate's version, adding a balancing provision if the criminal did not involve dishonesty or false statement:

> The House bill provides that the credibility of a witness can be attacked by proof of prior conviction of a crime only if the crime involves dishonesty or false statement.  The Senate amendment provides that a witness' credibility may be attacked if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involves dishonesty or false statement, regardless of the punishment.

> The Conference adopts the Senate amendment with an amendment.  The Conference amendment provides that the credibility of a witness, whether a defendant or someone else, may be attacked by proof of a prior conviction but only if the crime: (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted and the court determines that the probative value of the conviction outweighs its prejudicial effect to the defendant; or (2) involved dishonesty or false statement regardless of the punishment.

> . . . .

> With regard to the discretionary standard established by paragraph (1) of Rule 609(a), the Conference determined that the prejudicial effect to be weighed against the probative value of the conviction is specifically the prejudicial effect to the defendant. The danger of prejudice to a witness other than the defendant (such as injury to the witness' reputation in his community) was considered and rejected by the Conference as an element to be weighed in determining admissibility. It was the judgment of the Conference that the danger of prejudice to a nondefendant witness is outweighed by the need for the trier of fact to have as much relevant evidence on the issue of credibility as possible. Such evidence should only be excluded where it presents a danger of improperly influencing the outcome of the trial by persuading the trier of fact to convict the defendant on the basis of his prior criminal record.

-9-

Fed. R. Evid. 609 advisory committee notes to the 1974 enactment.

    **2.**      **<u>Rule 609(a)(2)</u>.**

Rule 609(a)(2) states:

> For the purpose of attacking the character for truthfulness of a witness, . . . evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a)(2).  "Crimes qualifying for admission under Rule 609(a)(2) are not subject to Rule 403 balancing and must be admitted."  <u>United States v. Harper</u>, 527 F.3d 396, 408 (5th Cir. 2008).  <u>See</u> <u>United States v. Guardia</u>, 135 F.3d 1326, 1330 (10th Cir. 1998)(stating that rule 609(a)(2) is a "rare instance" where rule 403 does not apply).

> The only difference between [rule 609(a)(1) and 609(a)(2) ] is that evidence of convictions for crimes involving "dishonesty or false statement," whether felonies or misdemeanors, *must* be admitted under Rule 609(a)(2) as being *per se* probative of credibility, while district courts, under Rule 609(a)(1), may admit evidence of a witness's felony convictions that do not constitute *crimen falsi*, subject to balancing pursuant to Rule 403.

<u>United States v. Estrada</u>, 430 F.3d 606, 615-16 (2d Cir. 2005)(emphasis in original)(citation omitted).  <u>See</u> Fed. R. Evid. 609 advisory committee note ("The admission of prior convictions involving dishonesty and false statement is not within the discretion of the court.  Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted.").

    Even though a crime may not be a crime of dishonesty per se as contemplated by rule 609(a)(2), where such a crime arises out of fraudulent and deceitful conduct, that crime may fit within the parameters of rule 609(a)(2).  In <u>United States v. Seamster</u>, 568 F.2d 188 (10th Cir. 1978), the United States Court of Appeals for the Tenth Circuit stated:

> We conclude that the prior convictions of burglary offered as impeaching evidence in this case were not automatically admissible under Rule 609(a)(2). This would not

> exclude theft cases arising out of fraudulent and deceitful conduct which might bring them within the ambit of Rule 609(a)(2). When such an issue arises, the trial court could determine the question on a case by case basis.

568 F.2d at 191.  See United States v. Glenn, 667 F.2d 1269, 1273 (9th Cir. 1981)("A conviction for burglary or theft may nevertheless be admissible under rule 609(a)(2) if the crime was actually committed by fraudulent or deceitful means." (citations omitted)); United States v. Brackeen, 969 F.2d 827, 829 (9th Cir. 1992)("Brackeen's bank robberies did not involve any 'false statements,' and were not 'actually committed by fraudulent or deceitful means.'  Accordingly, the only issue in this case is whether bank robbery is per se a crime of 'dishonesty' under Rule 609, regardless of the means by which it is perpetrated.").

> Generally, the courts which have had occasion to consider the question have agreed upon the class of crimes that are included within the term " dishonesty and false statement" as used in Rule 609(a)(2). Of course, robbery, burglary and theft are ordinarily considered to be dishonest, but the term as used in Rule 609(a)(2) is more restricted. We think the legislative history of this provision shows that Congress intended to limit the term to prior convictions involving some element of deceit, untruthfulness or falsification which would tend to show that an accused would be likely to testify untruthfully.

United States v. Seamster, 568 F.2d at 190. "Because the crime of larceny or theft is neither enumerated above nor encompassed by the strict meaning of the term 'crimen falsi,' an inference arises that Congress intended the term 'dishonesty' in Rule 609(a)(2) to mean something more than a man's propensity to steal what does not belong to him."  United States v. Seamster, 568 F.2d at 191.

## ANALYSIS

The case raises the issue whether the Court should exercise the discretion that Congress gave federal courts in rule 609(a)(1).  While the Court's first reaction is to exclude the evidence of Chaco's four earlier felonies so as not to chill Chaco's decision to testify or to increase the

possibility the jury will convict Chaco because it believes that he is a bad guy rather than because it finds beyond a reasonable doubt that Chaco is guilty of the crimes charged, on reflection, the Court is not convinced that, in this case, to do so would be consistent with the careful congressional compromise that rule 609(a)(1) establishes.  Accordingly, the Court will allow the United States to impeach Chaco, if he testifies, with his four felony convictions under the conditions that United States has offered.

## I.      NONE OF CHACO'S FOUR CONVICTIONS ARE PER SE ADMISSIBLE UNDER RULE 609(A)(2).

Rule 609(a)(2) provides:

> For the purpose of attacking the character for truthfulness of a witness, . . . evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a)(2).  Chaco's felony convictions are for robbery, breaking and entering, false imprisonment, and attempting to disarm peace officer.  None of these crimes are crimes that can "readily . . . be determined" on the record before the Court to involve "dishonesty or false statement."  Fed. R. Evid. 609(a)(2).  See United States v. Glenn, 667 F.2d at 1273 ("A conviction for burglary or theft may nevertheless be admissible under rule 609(a)(2) if the crime was actually committed by fraudulent or deceitful means." (citations omitted)).  At the hearing, Chaco proffered that his robbery conviction resulted from taking a pizza and refusing to pay for it.  This act, without more details, does not involve deception.  The record contains no information about the nature of Chaco's other convictions.  "Accordingly, the only issue in this case is whether [the crimes are] per se a crime[s] of 'dishonesty' under Rule 609, regardless of the means by which it is perpetrated."  United States v. Glenn, 667 F.2d at 1273.

> Generally, the courts which have had occasion to consider the question have agreed upon the class of crimes that are included within the term "dishonesty and false statement" as used in Rule 609(a)(2). Of course, robbery, burglary and theft are ordinarily considered to be dishonest, but the term as used in Rule 609(a)(2) is more restricted.  We think the legislative history of this provision shows that Congress intended to limit the term to prior convictions involving some element of deceit, untruthfulness or falsification which would tend to show that an accused would be likely to testify untruthfully.

United States v. Seamster, 568 F.2d at 190. "Because the crime of larceny or theft is . . . no[t] encompassed by the strict meaning of the term 'crimen falsi,' an inference arises that Congress intended the term 'dishonesty' in Rule 609(a)(2) to mean something more than a man's propensity to steal what does not belong to him."  United States v. Seamster, 568 F.2d at 191.  Similarly, attempting to disarm peace officer does not appear to require falsehood or avarice.  Nor does false imprisonment require deception of concealment.  See Fuerschbach v. Sw. Airlines Co., 439 F.3d 1197, 1207 (10th Cir. 2006)("Under New Mexico law, 'false imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so.'"  (quoting Romero v. Sanchez, 119 N.M. 690, 693, 895 P.2d 212, 215 (1995)(quoting N.M.S.A. 1978, § 30–4–3))).  The United States did not try to show that these are felonies involving false statement or deception.  Accordingly, Chaco's convictions are not per se admissible under rule 609(a)(2), and nothing in the record indicates that the crimes actually involved false statements or dishonesty.  Consequently, the Court will not admit Chaco's criminal hisroty under rule 609(a)(2).

## II.   THE COURT WILL ADMIT SOME EVIDENCE OF CHACO'S PRIOR CRIMINAL HISTORY.

The Court will allow the United States under rule 609(a)(1) to impeach Chaco with limited evidence of his four felony convictions if he testifies.  The central question before the Court is whether probative value of admitting the evidence of Chaco's prior felony convictions, including

the nature of those convictions, outweighs its prejudicial effect.  The United States submits that, if Chaco testifies, the probative value of informing the jury of Chaco's prior felony convictions so that the jury may assess his credibility would outweigh the prejudicial effect, because the jury would not be able to fully evaluate the defendant's credibility as a witness if the jurors are not told the full account of the defendant's demonstrated history for disregarding the law.  The United States contends that it stands to reason that the rule 609's drafters drew a strong correlation between the ability to abide by the laws and the ability to testify truthfully.  Chaco contends that allowing the United States to impeach his credibility with evidence of his prior felony convictions will unfairly prejudice the jury against him, because they will think he is a bad person who should be punished for his prior misdeeds.  Chaco's credibility, if he testifies, is paramount in this case.  As the United States acknowledges, "[t]his case is the classic he said/she said."  Supplemental Response ¶ 16, at 5.  The outcome of this case will turn on whether the jury believes Doe or whether, if he testifies, it believes Chaco.  The United States asserts that its evidence consists exclusively of Jane Doe's statement.  "There is no confession, DNA, physical injuries, or other physical injuries that corroborates Jane Doe's allegation.  Thus, in the event the defendant testifies, the jury will be left to weigh Doe's credibility against Chaco's credibility."  Supplemental Response ¶ 16, at 5.  The United States persuasively argues that, "[i]n undertaking this function, the jury should have access to the tools the law specifically allows to weigh credibility."  Supplemental Response ¶ 16, at 5.

Were the Court writing on a clean slate, it would be hesitant to say that prior felony convictions are probative of a witness' "character for truthfulness."  Fed. R. Evid. 609(a)(1).  "There is little dissent from the general proposition that at least some crimes are relevant to credibility but much disagreement among the cases and commentators about which crimes are usable for this purpose."  Fed. R. Evid. 609 advisory committee notes to the 1972 proposed rules.  While a witness'

criminal history may be probative of a her character for lawlessness, not all lawlessness involves deception.  A man that commits a robust, in-your-face strong arm robbery does not conceal, trick, or prevaricate; his lawlessness is open and plain.  A woman that distributes methamphetamine may be honest with her customers, forthright and fair in her illegal enterprise.  There may be honor among thieves.  On the other hand, implicit in the commission of crime is an attempt to conceal: a criminal generally must presume that he can get away with it.  Moreover, an individual's willingness to commit a felony may relate to her willingness to commit perjury.  At the same time, however, fundamental to American jurisprudence is that a defendant must stand or fall by the evidence that is relevant to the crime with which the defendant is charged, and not because the defendant is a bad person or has committed other misdeeds.  Much of the Federal Rule of Evidence is based on keeping irrelevant information from the jury, lest they convict for reasons other than the defendant's guilt of the crime charge.  Allowing the jury to learn of a defendant's criminal history risks unfairly prejudicing the jury, because  "other crimes evidence is strong medicine for juries."  United States v. Commanche, 577 F.3d at 1269 (citations omitted).  The Court does not, however, write on a clean slate.

Rule 609, the exclusive purpose of which is to allow "Impeachment by Evidence of Conviction of Crime," Fed. R. Evid. 609, is premised on the assumption that prior crimes are, in some circumstances, probative of credibility.  See United States v. Howell, 285 F.3d at 1268.  Rule 609 recognizes that crimes that involve "an act of dishonesty or false statement" are more probative of credibility than crimes that do not, mandating the admission of *crimen falsi* without regard to the grade the offense, and without rule 403 balancing.  Fed. R. Evid. 609(a)(2).  See United States v. Harper, 527 F.3d at 408 ("Crimes qualifying for admission under Rule 609(a)(2) are not subject to Rule 403 balancing and must be admitted.").  Rule 609(a)(1) establishes that a crime "punishable

-15-

by death or imprisonment in excess of one year" is also probative of a witness' credibility, even when it does not involve an act of dishonesty or false statement.  Fed. R. Evid. 609(a)(1).  "The implicit assumption of Rule 609 is that prior felony convictions have probative value."  United States v. Howell, 285 F.3d at 1268 (quoting United States v. Burston, 159 F.3d at 1335).  The "probative value" of a witness' past crime, "however, necessarily varies with their nature and number."  United States v. Howell, 285 F.3d at 1268 (quoting United States v. Burston, 159 F.3d at 1335).

Chaco contends that allowing the United States to impeach his credibility with evidence of his criminal history would unfairly prejudice him and prevent him from taking the stand.  The United States responds that Chaco has provided no reason to believe that evidence of his prior felony convictions, or their nature, will inflame the jury or cause unfair prejudice.  "The United States submits that the probative value . . . would outweigh the prejudicial effect because the jury would not be able to fully evaluate the defendant's credibility as a witness if the jurors are not told the full story of his demonstrated history for disregarding the law."  Response ¶ 7, at 4.  "A district court must conduct 'a . . . balancing before determining to exclude all evidence of [a witness's] prior convictions other than the fact and date of such convictions.'"  United States v. Lopez-Medina, 596 F.3d at 737 (quoting United States v. Howell, 285 F.3d at 1269).  "Care should be taken to protect the accused as far as possible from being convicted because of past conduct and not the crime for which he is being tried."  United States v. Commanche, 577 F.3d at 1270-71 (quoting United States v. Wolf, 561 F.2d at 1381).  Rule 609(a)(1) "requires that the government show that the probative value of convictions as impeachment evidence outweighs their prejudicial effect."  Fed. R. Evid. 609 advisory committee notes to the 1990 amendment.

This case puts at issue when the Court's discretion under rule 609(a)(1) should be involved.

The Court believes the House of Representative's version of rule 609, which permitted the "credibility of a witness [to] be attacked by proof of prior conviction of a crime only if the crime involves dishonesty or false statement," Fed. R. Evid. 609 advisory committee notes to the 1974 enactment, is better public policy, and more consistent with the Anglo-Saxon jurisprudence of only trying the defendant for the crime for which the defendant is charged, and of keeping out evidence of the defendant's other misdeeds lest the jury convict the defendant for being a bad person rather than because it finds, beyond a reasonable doubt, that the defendant is guilty of the crime with which the defendant is charged.  But the House's version of rule 609 is not the law, and the Court should be hesitant to use its discretion to impose a view of public policy that both of the branches of Congress did not adopt.  The House and the Senate compromised, and in a democracy, compromise is a perfectly honorable thing for politicians to do.  The current rule is broader than the House rule; the Court should not impose the House rule by judicial fiat.

If the Court were not to allow the evidence of the felonies in this case, it would almost never allow it.  Whatever one thinks about the theory that a felon convicted of robbery, breaking and entering, false imprisonment, and attempting to disarm peace officer is less credible than other witnesses, at least the Senate agreed that he is, and the Court should honor the Senate's ability to secure that theory's embodiment in the Federal Rules of Evidence.  The Court does not believe completely excluding evidence of the felony convictions is fully consistent with congressional intent.  Felonies should come in to impeach the defendant in some cases.

On the other hand, felonies should not come into evidence in every case.  The question is when they should come in.  Felonies should not come in to impeach a defendant charged with a similar offense.  Congress clearly intended the Court to keep prior felonies out in some cases.  The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar

to the crimes charged.  See  United States v. Sanders, 964 F.2d 295, 297-98 (4th Cir. 1992)(finding evidence of similar prior convictions inadmissible under Rule 609(a)); United States v. Seamster, 568 F.2d at 191 ("[R]ecogniz[ing] that proof of prior convictions of a defendant for crimes identical or similar to the one for which he is being tried should be carefully scrutinized by the trial court in determining whether the probative value of such evidence outweighs the prejudice to the defendant.").  The Court agrees that a defendant's criminal history should be excluded in those cases, although in sex abuse cases the evidence is likely to come in under rules 413 or rule 414 anyway.  The Court believes that this line provides the Court some guidance in how to exercise its discretion without replacing Congress' compromise with its own view of public policy -- always prohibiting or always admitting.

Nothing about Chaco's four felonies takes them outside of the heartland of cases in which the Tenth Circuit has held criminal histories admissible under rule 609(a)(1).  The Tenth Circuit "recognize[s] that proof of prior convictions of a defendant for crimes identical or similar to the one for which he is being tried should be carefully scrutinized by the trial court in determining whether the probative value of such evidence outweighs the prejudice to the defendant."  United States v. Seamster, 568 F.2d at 191.  Chaco's past crimes, however, are not "identical or similar to the one for which he is being tried."  United States v. Seamster, 568 F.2d at 191.  Chaco's felony convictions are for robbery, breaking and entering, false imprisonment, and attempting to disarm peace officer.  These felonies are not sex crimes, which reduces the possibility that the jury will assume they show a propensity to molest children than if Chaco's criminal history contained, for example, prior sexual assaults.  See United States v. Ledingham, 340 F. App'x 150, 153 (4th Cir. 2009)(affirming the admission of rule 609(a)(1) evidence, even "[a]ssuming that the district court's failure to conduct the balancing test amounted to error that was plain," because "[t]he prior

convictions included drug offenses and possession of stolen property, none of which were similar to the instant [felon in possession of a firearm] offense." (citing <u>United States v. Sanders</u>, 964 F.2d at 297-98 (finding evidence of similar prior convictions inadmissible under Rule 609(a)). Additionally, Chaco was convicted of the felonies in 2004 and released from prison in February of 2008.  Rule 609(b) provides that "[e]vidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . . ."  Fed. R. Evid. 609(b)(emphasis added).  Chaco was released from confinement approximately three-and-one-half-years ago, far from the ten year outer bound of rule 609(b)'s time limit.

One side of the equation in this case is the theory, which Congress endorsed, that felons are less credible.  On the other side is the general prejudice that a defendant experiences when he or she is shown to be a run-of-the-mill felon.  There is nothing particularly special in this case, on either side, except for the fact that credibility of the defendant in this case is central.  Where that is all that is really present, and the charged crime and the impeaching crimes are dissimilar, the United States has met its burden of showing that the "probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609(a)(1).  <u>See</u> Fed. R. Evid. 609 advisory committee notes to the 1990 amendment (stating that rule 609(a)(1) "requires that the government show that the probative value of convictions as impeachment evidence outweighs their prejudicial effect.").

Chaco contends that allowing him to be impeached will prevent him from taking the stand, but every defendant whose character for truthfulness may be impeached with rule 609 evidence or other related to his character for truthfulness must decide whether to testify.  It is hard to see when, if not in this case, the Court would admit past crime evidence under rule 609(1)(1).  Chaco's felony

convictions are timely and dissimilar from the charged offense.  Perhaps most importantly, Chaco's credibility is key in this case.  Without evidence of Chaco's criminal history, the jury would balance the word of the alleged victim against her father's.  Congress and the courts have asserted, however, that Chaco's criminal history should factor into this balance, because it is probative of Chaco's character for truthfulness.  The Court is reluctant to second guess the Supreme Court's and the political branches' judgment on whether the evidence is probative.

The Court will therefore allow the United States, if Chaco testifies, to cross-examine Chaco about his four felony convictions from 2004 for the limited purpose of impeaching Chaco's character for truthfulness.  Based on the United States' stipulation, however, the Court will allow it to introduce only that Chaco has four felony convictions from 2004, and it may not introduce the name or details of the crimes.  Chaco, through his counsel, may introduce evidence that the conviction were not for sex crimes without opening the door for the United States to further explore the nature of the crimes.  The Tenth Circuit has held that "Rule 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions." United States v. Howell, 285 F.3d at 1268 (quoting United States v. Burston, 159 F.3d at 1336).  A "defendant [i]s entitled to the protection of the rule that only the prior conviction, its general nature, and punishment of felony range [a]re fair game for testing the defendant's credibility. . . . [F]urther damaging details . . . [a]re not."  United States v. Commanche, 577 F.3d at 1270-71 (quoting United States v. Wolf, 561 F.2d at 1381).  In United States v. Commanche, the Tenth Circuit held that, "notwithstanding that the fact of Commanche's two convictions w[ere] admissible under Rule 609(a)(1)," the district court erred in allowing evidence of the details of the defendant's criminal history, which included two convictions for aggravated battery where the defendant used a weapon, when the defendant was charged with assault with a dangerous weapon with intent to do bodily

harm, because "the jury could not escape[ ] the clear articulation that Commanche was a violent and aggressive person who was merely repeating that tendency." 577 F.3d at 1270. The Tenth Circuit explained: "That Commanche was twice convicted of aggravated battery was properly admissible. That the crimes involved cutting instruments consistent with the box cutter used in the present case was not." Moreover, the United States has represented that, to further ameliorate the potential for unfair prejudice, it is willing to stipulate that the jury be told only that the defendant has four prior felony convictions without identifying the specific nature of the crimes, and that it would have no objection to the Court instructing the jury that none of the prior offenses involved sexual abuse. Based on this stipulation, the Court will allow the United States, if Chaco testifies, to introduce only evidence that Chaco has four felony convictions from 2004, without naming the felonies or discussing the sentences or details of the crime.[1]  See United States v. Commanche, 577 F.3d at 1270-71 ("Care should be taken to protect the accused as far as possible from being convicted because of past conduct and not the crime for which he is being tried." (quoting United States v. Wolf, 561 F.2d at 1381)).[2]

---

[1] Chaco should prepare and submit a limiting instruction if he would like the Court to give it. Chaco may also introduce evidence of the name of the felonies and the sentences if he decides, in his opinion and for his own strategic reasons, that it is better for the jury to know these details that for it to guess or speculate about the details. See Vasquez v. Jones, 496 F.3d 564, 573 n.6 (6th Cir. 2007)("The rules of evidence generally require that if past crimes are used to impeach a witness's credibility, the witness must be given an opportunity to explain his past crimes, show he has been rehabilitated, and convince the jury he should be believed.").

[2] As a procedural matter, because of this ruling, Chaco's counsel, Samuel Winder, may elect, if he puts Chaco on the stand, to elicit all of the testimony about the four felonies during his direct examination of Chaco, rather than wait for the United States to elicit the information during cross-examination.

   **IT IS ORDERED** that: (i) the Defendant's Motion in Limine, filed July 18, 2011 (Doc. 31), is denied; and (ii) the request in the United States' Response to Defendant's Motion in Limine Filed on July 18, 2011 (Doc. 31) and Notice of Intent to Present Evidence Pursuant to Rule 609, filed July 22, 2011 (Doc. 33), that Plaintiff United States of America be allowed to impeach Defendant Eddie Chaco, Jr., with evidence of his four conviction from 2004 is granted in part and denied in part.  The Court will allow the United States to introduce only that Chaco has four felony convictions from 2004, and it may not introduce the name or details of the crimes.

_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Kenneth J. Gonzales
   United States Attorney
Jack E. Burkhead
Niki Tapia-Brito
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Samuel L. Winder
Law Office of Samuel L. Winder, LLC
Albuquerque, New Mexico

        *Attorney for the Defendant*


-22-