**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                                                        No. CR 10-3463 JB

EDDIE CHACO, JR.,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed December 12, 2011 (Doc. 127)("Sentencing Memorandum"). The Court held a sentencing hearing on December 15, 2011. The primary issue is whether the Court should vary downward from the life sentence established under the guidelines to the statutory minimum, or 30-years imprisonment. The Court will grant in part and deny in part the request in the Sentencing Memorandum. The Court will sentence Defendant Eddie Chaco, Jr. to 516-months imprisonment.

**FACTUAL BACKGROUND**

       On June 9, 2010, the Children, Youth and Family Division in Albuquerque, New Mexico was notified of the "alleged sexual assault of 11-year old [Jane Doe] (victim) by her father, Eddie Chaco, Jr." Presentence Investigation Report ¶ 5, at 3 (disclosed November 2, 2011)("PSR"). At trial, Jane Doe recounted numerous instances of sexual abuse that transpired between August 2008 and May 2010 when she was nine and ten years old. See PSR ¶ 6, at 3.

**PROCEDURAL BACKGROUND**

       On December 29, 2010, a grand jury returned an Indictment against E. Chaco for three

counts of aggravated sexual abuse on or between August 2008 and May 2010, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).  See Doc. 1.  E. Chaco went to trial, and the jury found him guilty on all three counts.  See Jury Verdict at 1, filed August 10, 2011 (Doc. 110).  On November 2, 2011, the United States Probation Office ("USPO") disclosed the PSR on E. Chaco.  For each count, the PSR calculates a base offense level of 38 pursuant to U.S.S.G. § 2A3.1(a)(1).  See PSR ¶¶ 26, 34, 42, at 7-8, 10.  The USPO applies a 4-level enhancement, pursuant to U.S.S.G. § 2A3.1(b)(1), based on E. Chaco forcing Jane Doe to engage in a sexual act.  See PSR ¶¶ 27, 35, 43, at 7-8, 10.  The PSR also applies a 2-level enhancement, pursuant to U.S.S.G. § 2A3.1(b)(3), based on Jane Doe's position as one in E. Chaco's custody, care or supervisory control.  See PSR ¶¶ 28, 36, 44, at 7-10.  The USPO then applies a 2-level enhancement, pursuant to U.S.S.G. § 3C1.1, because it concludes that E. Chaco obstructed or impeded the administration of justice.  See PSR ¶¶ 31, 39, 47, at 8-11.  Because there are three counts, the USPO applies a 3-level enhancement, pursuant to U.S.S.G. § 3D1.4.  See PSR ¶¶ 48-55, at 11.  Accordingly, E. Chaco has a combined adjusted offense level of 49.  See PSR ¶ 45, at 11.  E. Chaco is a career offender, because he has at least two prior qualifying felony convictions under U.S.S.G. § 4B1.1.  See PSR ¶ 57, at 11-12.  Although the combined adjusted offense level is 49, the highest offense level on the sentencing table is 43.  See PSR ¶ 59, at 12.  E. Chaco's total offense level is therefore 43.  See PSR ¶ 59, at 12.  He has a criminal history category of V, based on 11 criminal history points.  See PSR ¶ 72, at 20.  Because E. Chaco is classified as a career offender, however, he has a criminal history category of VI, pursuant to U.S.S.G. § 4B1.1.  See PSR ¶ 73, at 20.  As to each count, the minimum statutory sentence is 30 years and the maximum statutory sentence is life.  See PSR ¶ 121, at 33.  An offense level of 43 and a criminal history category of VI establishes guideline imprisonment sentence of life.  See PSR ¶ 122, at 33.

In his Sentencing Memorandum, E. Chaco asserts that he does not object to the PSR's guideline calculation -- with the caveat that he still "firmly asserts his innocence." Sentencing Memorandum at 1. E. Chaco argues that his personal history provides mitigating factors which justify a downward variance. See Sentencing Memorandum at 1. He asserts he has been drinking two-fifths of vodka or a 30-pack of beer every day since he was fifteen years old. See Sentencing Memorandum at 1. E. Chaco asks that the Court vary downward to the statutory minimum -- 30-years imprisonment. See Sentencing Memorandum at 1.

On December 12, 2011, Plaintiff United States of America filed the United States' Response to Defendant's Sentencing Memorandum (Doc. 127). See Doc. 128 ("Response"). The United States emphasizes that "[f]rom murder to child rape, robbery to assault, burglary to countless batteries, property offenses to drug crimes, the defendant has managed in his thirty-one years to inflict incalculable suffering on those unfortunate enough to cross his path." Response at 1. It argues that "[i]f ever a man was deserving of the life sentence it is Eddie Chaco." Response at 1. The United States asserts that a life sentence is "the only sentence that is just, the only sentence that is fair, the only sentence that comports with any moral sense of right and wrong, and the only sentence will ensure that the defendant does not inevitably harm another innocent soul." Response at 1. It contends that the fact that "the defendant repeatedly raped his young daughter, a crime of unimaginable magnitude and a betrayal of unspeakable proportions, is more than enough to justify the government's impassioned plea for a life sentence." Response at 1. The United States notes that E. Chaco's offense level was literally "off-the-charts." Response at 2. Focusing on the nature and circumstances of the offense, the United States reiterates that E. Chaco is a "convicted child rapist" and that he is "a carcinogen even when measured only against other child rapists," because he repeatedly raped his daughter. Response at 3. It points out that, since the age of eighteen, E. Chaco

has been arrested twenty-four times and that, at the age of thirty-one, he has committed "a shocking range of criminal offenses." Response at 4. The United States asserts that E. Chaco's "seeming disinterest in gainful, legitimate employment" explains his criminal lifestyle. Response at 4. It emphasizes that E. Chaco is among the "worst of the worst offenders" and that the PSR offers nothing to support "even a glimmer of hope for a meaningful rehabilitation." Response at 5. The United States argues that a 30-year sentence is insufficient to provide adequate deterrence or protect the public, because such a sentence will result in his release at roughly age 60. See Response at 6. It contends that, "[g]iven the nature of the offense, the defendant's lack of remorse, his criminal history, and the dim prospect for any type of meaningful rehabilitation, the Court should be dubious of any claim that the defendant will re-emerge from prison with a new lease on life." Response at 5.

The Court held a sentencing hearing on December 15, 2011. E. Chaco said that, to sentence him, at the relatively young age of 31, to an actual life sentence, is a discarding of human life and he asked the Court to consider the possibility that he could redeem himself. See Transcript of Hearing at 3:16-23 (December 15, 2011)(Hannum)("Tr.").[1] He asserted that, if the Court sentences him to a life sentence, there is no possibility for redemption. See Tr. at 3:23-4:1 (Hannum). E. Chaco asked to broaden the request in his Sentencing Memorandum and requested that, if the Court is not inclined to vary to a sentence of 30-years imprisonment, the Court sentence him to some term of years so that he has an endpoint. See Tr. at 4:2-7 (Hannum). He asked that the Court give him some reason to improve himself in prison and something for which to live -- a future. See Tr. at 4:7-9 (Hannum). E. Chaco stated that he denies the allegations and strenuously maintains his innocence. See Tr. at 4:10-17 (Hannum). E. Chaco declined to allocute before the Court. See Tr. at 5:2-10

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

(Court, Hannum, E. Chaco).  Jane Doe spoke before the Court to explain the impact of E. Chaco's offense on her.  See Tr. at 6:1-3 (Jane Doe).  She explained that today she is scared to walk to school or to go to the store.  See Tr. at 6:10-11 (Jane Doe).  She stated that she constantly fears that someone will hurt her and knows that there is nobody in the world that she can trust.  See Tr. at 6:18-21 (Jane Doe).

The United States asserted that E. Chaco has earned the advisory guideline range of life imprisonment.  See Tr. at 10-11 (Burkhead).  It emphasized that E. Chaco is off the charts in terms of both his offense level and his criminal history.  See Tr. at 7:13-23 (Burkhead).  It pointed out that, even if E. Chaco had no criminal history points, he would still be looking at life imprisonment, because of his offense conduct.  See Tr. at 7:24-8:4 (Burkhead).  It stated that the Court would have to depart 13-levels to an offense level of 36 for life imprisonment to no longer be part of the advisory guideline range.  See Tr. at 8:5-10 (Burkhead).  With respect to the nature and circumstances of the offense, the United States emphasized that, while E. Chaco was raping his daughter, the words that came out of his mouth were "why are you crying."  Tr. at 8:18-23 (Burkhead).  It asserted that those haunting words suggest that E. Chaco has lost whatever humanity he once had.  See Tr. at 8:23-9:3 (Burkhead).  The United States also noted that, no matter what sentence E. Chaco receives in federal court, he is still facing state murder charges.  See Tr. at 9:9-16 (Burkhead).  The United States argued that sometimes, when it sees criminal history like E. Chaco's, there is an underlying mental illness, but asserted that this is not the case for E. Chaco.  See Tr. at 10:13-19 (Burkhead).  It contended that E. Chaco has shown no remorse for his actions and that, after putting Jane Doe through the horror of reliving her abuse at trial, he continues to refuse to take responsibility for his actions.  See Tr. at 10:20-12:19 (Burkhead).  The United States asserted that, like E. Chaco, it was making a "human argument" and that a life sentence is necessary to protect

every other human being on earth from E. Chaco.  Tr. at 13:1-4 (Burkhead).

The Court then asked the United States for its perspective on the role alcohol played in E. Chaco's criminal history.  See Tr. at 14:1-6 (Court).  The United States responded that the Court could use alcoholism as a basis for a variance in certain circumstances, but that this offense was not one of them.  See Tr. at 14:7-13 (Burkhead).  It asserted that E. Chaco was playing the alcohol card without connecting his offense to his alcoholism or whether he was intoxicated when he committed this federal offense.  See Tr. at 14:13-18 (Burkhead).  It emphasized that, if this rape had occurred only once, the Court might be able to justify a variance, because it was a weak moment, but that here it was repeated rapes.  See Tr. at 14:19-15:3 (Burkhead).  The United States stated that it could not speak to E. Chaco's childhood, but argued that many people have more troubled lives than E. Chaco and do not rape their children.  See Tr. at 15:6-16 (Burkhead).  The Court then asked for the United States views whether the Court should impose a term-of-years sentence so that E. Chaco has something for which to live.  See Tr. at 15:17-21 (Court).  The United States responded that, if E. Chaco is entitled to a variance, who is not entitled to a variance and reiterated the need to promote respect for the law.  See Tr. at 15:22-16:5 (Burkhead).

## **ANALYSIS**

The Court has reviewed the PSR's factual findings and, there being no objections to those findings, the Court will adopt them as its own.  The Court has also considered the sentencing guideline applications in the PSR and will adopt them as its own as well.  The Court has considered the factors set forth in 18 U.S.C. § 3553(a), including the finding that E. Chaco is a career offender. E. Chaco's offense level is 43 and he has a criminal history category of VI, which establishes a guideline imprisonment sentence of life.

The Court notes that, between August 2008 and May 2010, E. Chaco sexually abused his

daughter by engaging in three separate sex acts. The Court has carefully considered the guidelines in this case, which propose a severe sentence to reflect E. Chaco's past crimes and his offense in this case, but in arriving at its sentence the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court has concluded that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court can envision circumstances where a life sentence would be appropriate, but believes that some of the 18 U.S.C. § 3553(a) factors warrant a variance. The Court has carefully considered the sentence and the range that the guidelines establish, because the Court believes that the guidelines express Congress' deep concern with sexual offenses and career offenders. The Court believes that a life sentence is an appropriate starting point, but finds that a variance is warranted because: (i) many of E. Chaco's past crimes are related to alcohol; and (ii) it appears that he has considerable alcohol and substance abuse problems. The Court is troubled when it sees a person engage in this activity and then learns of his troubled childhood. The Court does not believe that this case will break any cycle, but some variance is necessary to provide a more just punishment. On the other hand, the Court recognizes that E. Chaco continues to maintain his innocence, even though a jury has found otherwise; he refuses to accept responsibility for his unlawful conduct. The Court believes that any sentence must be lengthy to emphasize the factors that Congress has told trial courts to consider.

      The Court concludes that a sentence of 516-months imprisonment reflects the seriousness of the offense and promotes respect for the law. It is a term sentence which varies a couple of years below E. Chaco's life expectancy. The life expectancy for a 31 year old male in New Mexico is an

additional 43.7 years;[2] thus, for E. Chaco, he has a life expectancy of 74.7 years.[3]  Using the New Mexico Life Expectancy Table, which establishes that E. Chaco has a life expectancy of 74.7 years, the Court is only varying approximately 8 months.  The Court's sentence may turn out to be a life sentence, but it gives E. Chaco something for which to live and a reason to try to reform his ways.  It is difficult to take away all hope for rehabilitation, and the Court believes it should be cautious when presented with such a guidelines sentence.  The Court believes that this sentence provides adequate deterrence to society at large and to E. Chaco.  The Court finds that 516 months is a lengthy sentence sufficient to protect the public, because he will be released so late in life that it is unlikely that he will re-offend.  The Court also concludes that this sentence avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, because the Court has never come so close to imposing a life sentence.  The Court also believes that some of the conditions that the Court will impose as part of supervised release will provide E. Chaco with some needed education, training, and care to ensure that, if E. Chaco is released into society, he does not re-offend.

After carefully considering all the 18 U.S.C. § 3553(a) factors, the Court concludes that a sentence of 43 years fully and effectively reflects each of the policies embodied therein.  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district

---

[2]The Actual Life Table, which the United States Social Security Administration publishes puts life expectancy for a 31-year-old male at an additional 46 years.  See United States Social Security Administration, Actuarial Life Table, http://www.ssa.gov/oact/STATS/table4c6.html (last visited April 13, 2012).

[3]N.M.S.A. 1978, Chapter 17, Table 6-3 (Supp. 2011).

court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences E. Chaco to 516-months imprisonment.

**IT IS ORDERED** that the Defendant's Sentencing Memorandum, filed December 12, 2011 (Doc. 127), is granted in part and denied in part. The Court will deny the request to sentence Defendant Eddie Chaco, Jr. to 30-years incarceration, but will vary to a sentence of 516-months imprisonment or 43-years imprisonment.

```
_____
UNITED STATES DISTRICT JUDGE
```

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jack Burkhead
Niki Tapia-Brito
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

D. Eric Hannum
Albuquerque, New Mexico

   *Attorney for the Defendant*