# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Eddie Chaco Jr** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR03463-001JB** |
| | USM Number: **60532-051** |
| | Defense Attorney: **Eric Hannum, Appointed** |

THE DEFENDANT:

☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☒ after a plea of not guilty was found guilty on count(s) **1, 2, and 3 of Indictment**

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 2241(c), 18 U.S.C. Sec. 2246(2)(D) | Aggravated Sexual Abuse, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 05/01/2010 | 1, 2, and 3 |

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 15, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**April 18, 2012**
Date Signed

Defendant: **Eddie Chaco Jr**
Case Number: **1:10CR03463-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **516 months**.

**A term of 516 months is imposed as to each of Counts 1, 2, and 3; said terms shall run concurrently for a total term of 516 months.**

On December 29, 2010, a grand jury returned an Indictment against Defendant Eddie Chaco, Jr. for three counts of aggravated sexual abuse on or between August 2008 and May 2010, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D). See Doc. 1. E. Chaco went to trial, and the jury found him guilty on all three counts. See Jury Verdict at 1, filed August 10, 2011 (Doc. 110). On November 2, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report on E. Chaco. For each count, the PSR calculates a base offense level of 38 pursuant to U.S.S.G. § 2A3.1(a)(1). See PSR ¶¶ 26, 34, 42, at 7-8, 10. The USPO applies a 4-level enhancement, pursuant to U.S.S.G. § 2A3.1(b)(1), based on E. Chaco forcing Jane Doe to engage in a sexual act. See PSR ¶¶ 27, 35, 43, at 7-8, 10. The PSR also applies a 2-level enhancement, pursuant to U.S.S.G. § 2A3.1(b)(3), based on Jane Doe`s position as one in E. Chaco`s custody, care or supervisory control. See PSR ¶¶ 28, 36, 44, at 7-10. The USPO then applies a 2-level enhancement, pursuant to U.S.S.G. § 3C1.1, because it concludes that E. Chaco obstructed or impeded the administration of justice. See PSR ¶¶ 31, 39, 47, at 8-11. Because there are three counts, the USPO applies a 3-level enhancement, pursuant to U.S.S.G. § 3D1.4. See PSR ¶¶ 48-55, at 11. Accordingly, E. Chaco has a combined adjusted offense level of 49. See PSR ¶ 45, at 11. E. Chaco is a career offender, because he has at least two prior qualifying felony convictions under U.S.S.G. § 4B1.1. See PSR ¶ 57, at 11-12. Although the combined adjusted offense level is 49, the highest offense level on the sentencing table is 43. See PSR ¶ 59, at 12. E. Chaco`s total offense level is therefore 43. See PSR ¶ 59, at 12. He has a criminal history category of V, based on 11 criminal history points. See PSR ¶ 72, at 20. Because E. Chaco is classified as a career offender, however, he has a criminal history category of VI, pursuant to U.S.S.G. § 73, at 20. See PSR ¶ 73, at 20. As to each count, the minimum statutory sentence is 30 years and the maximum statutory sentence is life. See PSR ¶ 121, at 33. A offense level of 43 and a criminal history category of VI establishes guideline imprisonment sentence of life. See PSR ¶ 122, at 33.

The Court has reviewed the PSR`s factual findings and, there being no objections to those findings, the Court will adopt them as its own. The Court has also considered the sentencing guideline applications in the PSR and will adopt them as its own as well. The Court has considered the factors set forth in 18 U.S.C. § 3553(a), including the finding that E. Chaco is a career offender. E. Chaco`s offense level is 43 and he has a criminal history category of VI, which establishes a guideline imprisonment sentence of life.

The Court notes that, between August 2008 and May 2010, E. Chaco sexually abused his daughter by engaging in three separate sex acts. The Court has carefully considered the guidelines in this case, which propose a severe sentence for E. Chaco`s past crimes and his offense in this case, but in arriving at its sentence the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court has concluded that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court can envision circumstances where a life sentence would be appropriate, but believes that some of the 18 U.S.C. § 3553(a) factors warrant a variance. The Court has carefully considered the sentence and the range established by the guidelines, because the Court believes that the guidelines express Congress` deep concern with sexual offenses and career offenders. The Court believes that a life sentence is an appropriate starting point, but finds that a variance is warranted because: (i) many of E. Chaco`s past crimes are related to alcohol; and (ii) it appears that he has considerable alcohol and substance abuse problems. The Court is troubled when it sees a person engage in this activity and then learns of his troubled childhood. The Court does not believe that this case will break any cycle, but some variance is necessary to provide a more just punishment. On the other hand, the Court recognizes that E. Chaco continues to maintain his innocence, even though a jury has found otherwise; he refuses to accept responsibility for his unlawful conduct. The Court believes that any sentence must be lengthy to emphasize the factors that Congress has told trial courts to consider.

The Court concludes that a sentence of 516-months imprisonment reflects the seriousness of the offense and promotes respect for the law. It is a term sentence which varies a couple of years below E. Chaco`s life expectancy. The life expectancy for a 31-year-old male in New Mexico is an additional 43.7 years; thus, for E. Chaco, he has a life expectancy of 74.7 years. Using the New Mexico Life Expectancy Table, which establishes that E. Chaco has a life expectancy of 74.7 years, the Court is only varying approximately 8 months. The Court`s sentence may turn out to be a life sentence, but it gives E. Chaco something for which to live and a reason to try to reform his ways. It is difficult to take away all hope for rehabilitation, and the Court believes it should be cautious when

presented with such a guidelines sentence. The Court believes that this sentence provides adequate deterrence to society at large and to E. Chaco. The Court finds that 516 months is a lengthy sentence sufficient to protect the public, because he will be released so late in life that it is unlikely that he will re-offend. The Court also concludes that this sentence avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, because the Court has never come so close to imposing a life sentence. The Court also believes that some of the conditions that the Court will impose as part of supervised release will provide E. Chaco with some needed education, training, and care to ensure that, if E. Chaco is released into society, he does not re-offend.

After carefully considering all the 18 U.S.C. § 3553(a) factors, the Court concludes that a sentence of 43 years fully and effectively reflects each of the policies embodied therein. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences E. Chaco to 516-months imprisonment.

☐ The court makes the following recommendations to the Bureau of Prisons:


☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Eddie Chaco Jr**
Case Number: **1:10CR03463-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **10 years** .

**A term of 10 years is imposed as to each of Counts 1, 2, and 3; said terms shall run concurrently for a total term of 10 years.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

| | |
|---|---|
| ☐ | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) |
| ☒ | The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable). |
| ☒ | The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable). |
| ☐ | The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.) |
| ☒ | The defendant shall participate in an approved program for domestic violence. (Check, if applicable) |

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any local, state, tribal, or federal registration agency in the jurisdiction in which he or she resides, works, or is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the juridsiction of residence;
14) the defendant shall waive his/her right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant`s progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;
15) the defendant shall submit to a search of person, property, house, residence, vehicles, documents, businesses, computers, and other electronic communications or data storage devices or media effects [as defined in 18 U.S.C. 1030(e)(1)], at any time, by a probation officer with reasonable suspicion concerning a violation of a condition of probation or supervised release, or unlawful conduct by the person, in the lawful discharge of

    the officer`s supervision functions. The defendant shall inform any other occupants that the premises may be subject to searches pursuant to the condition. Failure to submit to a search may be grounds for revocation of supervision;

16) the defendant shall not have any direct or indirect contact or communication with the victim or his or her family, or go near or enter the premises where the victim or his or her family resides, is employed, attends school or treatment, except under circumstances approved in advance and in writing by the probation officer.

Defendant: **Eddie Chaco Jr**
Case Number: **1:10CR03463-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms, ammunition, illegal narcotics, and any other illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant shall reside at and complete a program at a Residential Re-Entry Center, as approved by the probation officer, for a period of 6 months.**

**The defendant must not have contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.**

**The defendant is restricted from engaging in an occupation where he has access to children, without prior approval of the probation officer.**

**The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.**

**The defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities.**

**The defendant shall consent to the United States Probation Office conducting periodic unannounced examinations of his/her computer(s), hardware, and software which may include retrieval and copying of all data from his/her computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection.**

**The defendant understands that the probation officer may use measures to assist in monitoring compliance with these conditions such as placing tamper resistant tape over unused ports and sealing his/her computer case and conducting a periodic hardware/software audit of his/her computer.**

**The defendant shall maintain a current inventory of his/her computer access including but not limited to any bills pertaining to computer access; and shall submit on a monthly basis any card receipts/bills, telephone bills used for modem access, or any other records accrued in the use of a computer to the probation officer.**

**The defendant shall not make any changes to his/her computer services, user identifications, or passwords without the prior approval of the probation officer.**

**The defendant shall not possess or use a computer or other related hardware or software during the period of supervised release/probation unless approved by the probation officer.**

**The defendant shall provide to the probation officer all copies of telephone bills, including phone card usage, all credit card uses, and any other requested financial information to verify there have been no payments to an Internet Service Provider or entities that provider access to the Internet.**

**The Defendant must participate in and successfully complete an outpatient substance abuse treatment program which may include testing, as approved by the probation officer. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must not possess or use a computer with access to any "on-line computer service" at any location without the prior written approval of the probation office. The Defendant must allow the probation officer to install appropriate software to monitor the use of the Internet. This condition shall not apply to employment.**

**The Defendant shall consent, at the direction of the United States Probation Officer, to having installed on his computer(s), any hardware or software systems to monitor his computer use. The Defendant understands that the software may record any and all activity on his computer, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. Monitoring will occur on a random and/or regular basis. The Defendant further understands that he will warn others of the existence of the monitoring software placed on his computer. This condition shall not apply to employment.**

**The Court will eliminate the standard sex offender condition allowing treatment providers the opportunity to determine whether the Defendant should abstain from alcohol.**

Defendant: **Eddie Chaco Jr**
Case Number: **1:10CR03463-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐    The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $300.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Victim Restitution Act of 1996 is applicable in this case; however, the victim has not requested restitution in this case. Therefore, no restitution is ordered.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.